### HAYES v. WALKER.

1. LIMITATION OF ACTIONS—TRUSTEE.—ACCOUNTING.—If the assignee of a bond and mortgage in trust to raise funds for mortgagee, account to mortgagee for money so raised and proceeds of bond collected, and by his acts indicates the relation ended, he thereby declares the trust relation at an end, and the statute of limitations begins then to run in his favor.

2. PLEADINGS—ACCOUNTING—PRINCIPAL AND AGENT.—Under allegations of settlement and accounting with a party, accounting with agent may be shown.

Before PURDY, J., Barnwell, December, 1903. Reversed.

Action by E. E. Hayes against R. H. Walker and John B. Cave.

Defendant, R. H. Walker, appealed from Circuit decree on following exceptions:

"I. That the Court erred in holding that this action is not barred by the statute nor by the laches of the plaintiff as against the defendant, Walker, and that the defendant, Walker, should pay to the plaintiff the difference between

$965.24 and $275, with interest thereon from December 9, 1884, which amounts to $1,608.13, including interest, at seven per cent. up to the date of this decree.

"II. That the Court erred in holding that the only issue raised by the defendant, Walker, in his answer was whether he had discharged the trust imposed upon him by the trust receipt set forth in the complaint and answer. And in not holding that a distinct issue is raised in paragraphs 2 and 3 of the defendant's answer that subsequent to said agreement he had fully accounted to the plaintiff.

"III. That the Court erred in holding that there is no explanation to be found in the record as to why he, Walker, should have offered such an answer with the facts almost wholly at variance with his defense, and the refutation of his answer comes from his own books. And in not holding that if the plaintiff obtained advances at all from the defendant, as appeared by the books and the proof of the husband's agency, and the defendant had fully paid over in advances or money what he had received from his codefendant, Cave, and had fully accounted to her for money so collected, that the testimony supported the defendant's answer and constituted a valid defense to the demands of the plaintiff set forth in her complaint.

"IV. That the Court erred in holding that the only question is, Did the defendant get the money as contemplated between the plaintiff and himself? And in not holding that the question was, has the defendant accounted to the plaintiff for the money received by him from John B. Cave?

"V. That the Court erred in holding that under the issues made, the fact as to whether Mr. Hayes was the agent of the wife or whether he had a store account with the defendant, Walker, after the transfer of the Cave bond and mortgage to him, could under the issues make very little difference to Walker, as he had not in a single line of his answer relied upon these facts, but bases his defense upon a wholly different ground. And in not holding that the allegations of advances made by him to the plaintiff were sufficient as

set forth in the answer, and the fact that they were made through her agent, it was only necessary to prove but unnecessary to allege.

"VI. That the Court erred in rejecting entirely the defendant's testimony showing an accounting with the plaintiff on the ground that such testimony was not relevant to the defense; whereas, the Court should have held that the defendant's averment of an accounting and his denial of the allegation of the complaint charging that he had refused to account, were sufficient to allow the introduction of any testimony on the part of the defendant tending to show such accounting, or tending to refute the allegations of the complaint.

"VII. That the Court erred in finding that the plaintiff, upon the allegations of her complaint, was entitled to recover, because the defendant, R. H. Walker, by his proof did not sustain the allegation of his answer that the advances made by him under the terms of the agreement or trust obligation was money to be used by the plaintiff in paying the Sams mortgage; whereas, it is submitted that even if the proof did not sustain the answer in the particulars mentioned, it did sustain the allegations of the complaint and the terms of the agreement as set forth in the complaint, and it was immaterial whether the money was employed by the plaintiff to pay the Sams mortgage or for other purposes, as it constituted advances made by the defendant to the plaintiff.

"VIII. The Court erred in rejecting the defendant's testimony as inconsistent with his answer, at the same time allowing plaintiff to prove an agreement inconsistent with the trust agreement set out in the plaintiff's complaint.

"IX. That the Court erred in finding that the issue of the agency of John A. Hayes for his wife, the plaintiff, was not raised in the pleadings; whereas, it is submitted that the separate answer of John B. Cave distinctly raises the question of agency and goes to the merits of the case, and is such that the proof of it would defeat the recovery of the

plaintiff, and should, therefore, inure to the benefit of his co-
defendant, R. H. Walker.

*Mr. I. L. Tobin,* for appellant, cites: *Statutes of limita-
tions apply to this trust:* 2 Rich., 133; 13 S. C., 100. *One
codefendant may take advantage of allegations in separate
answer of other defendant:* 35 S. C., 42.

*Messrs. Izlar Bros.,* contra, cite: *As to liability of trustee:*
27 Ency., 193, 194, 245; *Nobles* v. *Hogg,* 36 S. C., 322, ap-
plies to this case.

*Mr. R. A. Ellis,* also contra, cites: *As to bar by laches:* 26
S. C., 180. *Statute of limitations did not run against plaintiff
until facts became known to her:* 38 S. C., 361; 4 DeS., 77;
2 Hill Ch., 228; 24 S. C., 184. *Powers of married women
to contract in 1883:* 39 S. C., 383; 36 S. C., 354; 37 S. C.,
88; 27 S. C., 500; 31 S. C., 490; 30 S. C., 238; 39 S. C.,
525. *Party deals with agent at his peril:* 27 S. C., 132.
*Declarations long since made are unsatisfactory proof:* 23 S.
C., 461.

October 29, 1904. The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE POPE. In the latter part of the year
1900, the plaintiff brought her action against the defendants
in the Court of Common Pleas for Barnwell County, in this
State. In her complaint, she alleged that on the 28th day
of July, 1882, the defendant, John B. Cave, executed his
bond in the penal sum of $6,000, conditioned to pay to the
plaintiff, E. E. Hayes, the sum of $3,000; the exact times of
payment are not remembered by the plaintiff, who has not
possession of said bond, but said payments are long past due,
as will fully appear in the condition of said bond. That on
the same day, the 28th day of July, 1882, the said John B.
Cave executed his mortgage of 236 acres of land, situated in

Barnwell County, in said State, to secure said bond, which mortgage was duly recorded in the office of register of mesne conveyance for Barnwell County.

That on the 6th day of November, 1883, the plaintiff turned over the said bond and mortgage to the defendant, R. H. Walker, to be held by him in trust according to the terms of the following receipt then made and delivered to the plaintiff:

"Appleton, November 6th, 1883.

"Received from Mrs. E. E. Hayes bond and mortgage signed by John B. Cave July 28th, 1882. I am to hold said bond and mortgage in trust for said E. E. Hayes and try and get some money advanced on it and if I fail to do so I am to return it with the clause, that is transferred to me, off. R. H. Walker. Witness, J. B. Armstrong."

That plaintiff is informed and believes that the defendant, R. H. Walker, never obtained for her any advances, and if any advances were obtained on the bond and mortgage, they were never paid over to the plaintiff, nor did she receive any profits or benefits therefrom, but that said Walker not only failed to obtain and pay over any advances to the plaintiff, but, in violation of his trust, he failed and neglected to return the said bond and mortgage to the plaintiff, using the same to his own advantage. That said R. H. Walker had no power under the trust reposed in him to collect or receive payment from the defendant, John B. Cave, or to satisfy of record said bond and mortgage; that the plaintiff is informed that the said R. H. Walker did collect from his codefendant, John B. Cave, payment of the said bond and mortgage, the said John B. Cave well knowing the trust under which the said R. H. Walked held said bond and mortgage; and that the said defendants, Cave & Walker, in concert and collusion with each other, and regardless of the rights of plaintiff as to the payment of said bond and the satisfaction of the mortgage on the records of the register of mesne conveyance of Barnwell County, did receive pay-

ment of said bond and enter such satisfaction of the mortgage on the public records; that the said actings and doings of said defendants were a fraud upon the rights of plaintiff and in violation of the trust assumed by said R. H. Walker, with the full knowledge of said John B. Cave; that the plaintiff is informed and believes that the said defendant, R. H. Walker, has surrendered to his codefendant, John B. Cave, the bond and mortgage hereinbefore referred to, and each of said defendants has refused the demand of the plaintiff that such bond and mortgage be surrendered to her; that the plaintiff is entitled to the possession of said bond and mortgage, and to have the same foreclosed and the mortgaged premises sold to satisfy said bond and mortgage; that there is now due the sum of about $3,000, with interest from the 28th July, 1882, and that the plaintiff so demands judgment.

The answer of John B. Cave admitted that as the consideration of the deed from the plaintiff to himself for a tract of land containing about 234 acres, he executed his bond on the 28th July, 1882, in the penal sum of $6,000, conditioned as follows: "That if the above bound John B. Cave, his heirs, executors and administrators, shall do well and truly pay, or cause to be paid, unto the above named Eudora Eugenia Hayes, her certain attorneys, executors, administrators or assigns, the full and just sum of $3,000, as follows: $1,500 on the first day January, 1883, the balance to be paid in three instalments of $500 each, on the first day of January in each year thereafter, with interest at the rate of seven per cent. per annum on the amount remaining unpaid after the first payment, without fraud or further delay, then the above obligation to be void and of none effect, or else to remain in full force and virtue."

He admitted also that he knew that the bond and mortgage were assigned to his codefendant, R. H. Walker, unconditionally and without any notice of any trust in favor of the plaintiff, and this defendant had no notice of any alleged trust prior to the commencement of this action. He denies

all the other allegations of the complaint, except where it is alleged that his codefendant, R. H. Walker, collected the balance due on said bond and mortgage at the time it was assigned by the plaintiff to said Walker, and the defendant alleges that he paid to said Walker as said balance the sum of $435 on       November, 1884, and $549.54 on 5th December, 1884, and that said Walker entered full satisfaction of said bond and mortgage; and after entry of the same upon the records of the office of the register of mesne conveyances of Barnwell County, in said State, the said Walker delivered the same to this defendant, who has ever since retained the same.    The defendant also alleges that before the assignment of the bond and mortgage by plaintiff to the defendant, R. H. Walker, this defendant had paid to the plaintiff the following sums, to wit: $5 on 1st August, 1882; $100 on the 16th September, 1882; $1,390.11 on the 1st January, 1883, and $666.30 on 1st October, 1883.    The defendant also alleges that the plaintiff's husband, John A. Hayes, on 28th July, 1882, acted as the agent of the plaintiff, and before that time and ever afterwards such agency continued.

The defendant, R. H. Walker, answered as follows: He admitted that he received by regular assignment under her hand and seal the bond and mortgage in question from the plaintiff in November, 1883, and that he signed the paper set out in the plaintiff's complaint, and that such assignment was induced by the following circumstances: that the defendant, J. B. Cave, had already paid upon said bond the sum of over $2,100, leaving still due thereon the sum of $965, when the same was assigned to him; that when the plaintiff sold the tract of land, containing 236 acres, to his codefendant, John B. Cave, she bought a tract of 100 acres from one Marion W. Sams on credit, and in November, 1883, the said Marion W. Sams was pressing the plaintiff for the balance due him.    That in her distress the plaintiff besought him to assist her in raising the money, and that he promised if he could to raise the sum of $250 for her from the firm of Pelzer, Rogers & Co., of the city of Charleston, S. C., and

to this end the plaintiff assigned said bond and mortgage to him; that he did raise the said sum of $250, and to do so assigned the bond and mortgage to Pelzer, Rogers & Co.; and that such sum of $250, together with about $300 raised by the husband and agent of the plaintiff, was applied to and did actually extinguish the debt due by the plaintiff to said Marion W. Sams; that on 6th December, 1884, the said defendant, R. H. Walker, had a settlement with the husband, J. C. Hayes, which included the $250, and one year's interest thereon at the rate of ten per cent. per annum, and which said settlement was in full for the balance due on the bond and mortgage; and on the 19th day of December, 1884, both Mr. Hayes and the plaintiff signed a receipt in full of said balance of the bond and mortgage which had been collected by R. H. Walker. This defendant in his answer set out that the bond and mortgage was not only assigned to him by the plaintiff to raise money to help pay the Sams debt which she owed, but "also to repay to this defendant certain moneys theretofore advanced by him for the purchase of the lands known as the Enix lands." And also in said answer denied all the allegations of her complaint inconsistent with this his answer.

We have been thus careful in reproducing the pleadings in order that it might clearly appear how the issues arose between the parties. Testimony was taken and reported by Mr. H. L. O'Bannon, as master for Barnwell County. The case came on to be heard by his Honor, Judge Purdy. The decree of the Circuit Judge exonerates the defendant, John B. Cave, from any duty to the plaintiff, upon the ground that said defendant, Cave, had paid every dollar to the plaintiff which his duty required him to do. But, so far as the defendant, Walker, was concerned, the Circuit Judge allowed him credit for the $275 he had paid for the plaintiff on the Sams debt, and then held him liable to the plaintiff for the difference between $965.24 and $275, with interest thereon from the 9th December, 1884, which amounts at the date of the Circuit Judge's decree to $1,608.13. This amount the

Circuit Judge decrees that the defendant, R. H. Walker, shall pay to the plaintiff. To this decree the defendant, R. H. Walker, has excepted. The grounds of exception will be set out in the report of the case.

We will now examine these exceptions. As it will be seen, there is no exception taken to so much of the decree of the Circuit Judge as relieves the defendant, John B. Cave, from all liabilty to the plaintiff.

Now let us see what there is in the case to make R. H. Walker liable to the plaintiff. It will be seen at a glance that about seventeen years intervene between the 3d of November, 1883, and the date of commencement of this action, about November, 1900. Why this long interval? Nobody denies that the bond and mortgage were the property of the plaintiff, as the wife of John A. Hayes. This was her separate property. How it became so is a mystery. The plaintiff and her sister testify that the plaintiff got this property from her father's estate, and that such father died *in 1858*. But no effort has been made to trace any property of the plaintiff beyond the Enix tract of land, and strange to say the Enix land was conveyed to John A. Hayes, the husband, and John A. Hayes, the husband of the plaintiff, conveyed it (the Enix tract of land) to his wife, the plaintiff. The wife then conveyed this Enix tract of land to John B. Cave, who executed to her his bond and mortgage for the purchase money. This was in July, 1882. If the property the plaintiff received from her father in the year 1858 was personal property, freed from all trusts, then it became by operation of law the property of the husband, John A. Hayes. But it may be said no question is raised as to this. The husband, John A. Hayes, died on 22d June, 1899. This suit was brought the next year. Mrs. Hayes, the plaintiff, in her testimony, says: * * * "I never knew anything about his papers until my husband died. Q. He managed all of the particulars about the business during his lifetime?

4—70.

A. It was all my property. Q. When did you get the Enix place, Mrs. Hayes? A. My husband; when my father died, I got money, about $1,000, and my husband bought a small tract; he bought it for $1,000, and sold it for $1,600 or $1,800. Q. Do you remember who your husband bought the Enix place from? A. It was bought from Mr. R. N. Miller. Q. It was in 1875 that the place was bought from Mr. Miller? A. Yes, sir. Q. When did your father die, Mrs. Hayes? A. About the year '58. Q. That was just before the war? A. Yes, sir." It is manifest from the testimony that Mrs. Hayes' property received from her father's estate in 1858 was money. Under the law of this State, it became her husband's property. In the testimony of R. H. Walker, he states: "Q. From whom did Mr. Hayes buy the Enix place? A. From R. N. Miller. Q. What relation to you? A. He was an uncle of mine. I had charge of the plantation and sold it to Mr. Hayes. Mr. Miller was guardian of my wife and owed her $450, and gave me that piece of land to sell to pay my wife off. I sold the place to Mr. Hayes—to Mr. J. A. Hayes. Mr. Miller made the title to Mr. Hayes himself. Mr. Hayes paid me with a bond and mortgage on another plantation that he had sold, some negroes, with the difference of that note, and think swapped horses, and something. Q. And that note made up balance? A. Yes, sir; I was really surprised that this bond and mortgage was made out to his wife. He told me, 'I made title to my wife because I was owing a great deal of money and wanted to put my property in my wife's name.'" Possibly this condition of the plaintiff's affairs may account for her inability to give any coherent account of their management by her husband, J. A. Hayes, as long as he lived. A study of the testimony convinces us that J. A. Hayes operated in business in his own name, but for his wife, Mrs. Eudora E. Hayes. To be very careful, we will examine the grounds of appeal *seriatim.*

First. That the Court erred in holding that "this action is not barred by the statute nor by the laches of the plaintiff

as against the defendant, Walker, and that the defendant, Walker, should pay to the plaintiff the difference between $965.24 and $275, with interest thereon from December 9, 1884, which amounts to $1,608.13, including interest at seven per cent. up to the date of this decree." It seems to us that when the defendant tendered the plea of the statute of limitations against the claim of the plaintiff, and by his proofs sustained the proposition that more than sixteen years had elapsed between the date of December, 1884, and that of December, 1900, during all of which time the plaintiff herself and also her husband and agent knew that the defendant, R. H. Walker, had openly and in writing announced to both of them that there was an end to his holding the bond and mortgage as the property of Mrs. Eudora E. Hayes in trust or otherwise—that such conduct by Walker was in full discharge of any right on plaintiff's part to hold him liable therefor. Now, look at the facts. When the defendant, Walker, signed his receipt for the balance due on the bond and mortgage of John B. Cave to Mrs. E. E. Hayes in 1883, which was only $965.24, he expressly agreed in said receipt, "I am to hold said bond and mortgage in trust for said E. E. Hayes and try and get some money advanced upon it, *and if I fail to do so I am to return it with the clause, that is transferred to me, off.*" Mrs. Hayes in her complaint makes two denials; *first,* she says that Walker did not get or apply any money to her benefit; *second,* she has never been paid anything by Walker on this bond and mortgage. The Circuit Judge in his decree holds that Walker did get from Pelzer, Rogers & Co. $250 in December, 1883, which he applied to the payment of $250 to M. W. Sams on the bond and mortgage given by her to said M. W. Sams; and also that the Circuit Judge in his decree allows the defendant, Walker, credit for $275, which was $250, and $25 at ten per cent. interest from December, 1883, up to December, 1884. Again, the plaintiff claimed in her complaint and also in her testimony that she never was in the store of Walker and never had any dealings

with Walker; but witnesses appear and testify that she did go in and about Walker's storehouse; that she knew what she had done about the bond and mortgage, and the Circuit Judge, in effect, holds that she knew about the assignment of the bond and mortgage in 1883 to Walker, and he also held the plaintiff bound by the collection of more than $2,100 of said bond and mortgage before it was assigned to Walker. It is positively sworn by the defendant, Walker, and other witnesses that the plaintiff, E. E. Hayes, went with her husband to the storehouse of Walker at the time the settlement was made, in December, 1884, and the said Walker swears that Mrs. E. E. Hayes, along with her husband and agent, John A. Hayes, did sign a settlement about this bond and mortgage. There is made evident the fact that the plaintiff, Mrs. E. E. Hayes, *has forgotten* the facts and circumstances connected with this bond and mortgage. The books of Walker, made up in the year 1884 (December), show exactly every item which entered into the full settlement between himself and Mrs. Hayes and her husband, in December, 1884—Walker himself signed a receipt on the bond and mortgage for the sum of $965 paid to him by the mortgagor in 1884. Walker himself gave an acquittance to John B. Cave, and had the entry of satisfaction in full of said bond and mortgage placed in the office of register of mesne conveyances of Barnwell County, in this State, in December, 1884. Not only are all these facts established, but R. H. Walker, when he gave credit to John Hayes, the husband, in 1891, required Mrs. Hayes to sign a mortgage on the Sams tract of land for the credit extended. Again, this suit was brought about after the death of John A. Hayes by the codefendant, Cave, wishing to obtain *Mrs. Hayes'* signature to the *satisfaction* of the bond and mortgage Cave had given. This is entirely a different case to that of *Nobles* v. *Hogg,* 36 S. C., 322; for there was nothing done by the trustee to start the running of the statute of limitations. But this case is in principle exactly like that of *Long* v. *Casen,* 4 Rich. Eq., 60; *Brockington* v. *Camlen,* 4 Strob.

Eq., 196. In the last cited case, it is held, "if * * * the trustee does an act which imports to be a termination of the trust, &c., these acts, or any of them, will so far disturb and dissolve the strictly fiduciary relation between the trustee and his *cestui que trust* as that the statute of limitations will commence to run from the date of such acts." This ground of appeal must be sustained.

Second. "That the Court erred in holding that the only issue raised by the defendant, Walker, in his answer, was whether he had discharged the trust imposed upon him by the trust receipt set forth in the complaint and answer. And in not holding that distinct issue is raised in paragraphs 2 and 3 of the defendant's answer, that subsequent to said agreement he had fully accounted to the plaintiff." We regard this ground of appeal well taken, for certainly the defendant, Walker, has in paragraphs 2 and 3 of his answer set up the settlement. This ground of appeal is sustained.

Third. "That the Court erred in holding that there is no explanation to be found in the record as to why he, Walker, should have offered such an answer with the facts almost wholly at variance with his defense, and the refutation of his answer comes from his own books. And in not holding that if the plaintiff obtained advances at all from the defendant, as appeared by the books and the proof of the husband's agency, and the defendant had fully paid over in advances money that he had received from his codefendant, Cave, and had fully accounted to her for money so collected, that the testimony supported the defendant's answer and constituted a valid defense to the demands of the plaintiff set forth in her complaint." An examination of the facts in testimony has convinced us that the defendant, Walker, in his dealings with the plaintiff and her husband as her agent, has kept an itemized statement of their dealings with him as a merchant; that he had allowed no action on the part of the plaintiff, through her husband, with the defendant, Walker, such as transfer of a mortgage or the execution of a mort-

gage, unless the plaintiff, herself, personally took part in such transactions. This ground of appeal is sustained.

Fourth. "That the Court erred in holding that the only question is, Did the defendant get the money as contemplated between the plaintiff and himself? And in not holding that the question was, has the defendant accounted to the plaintiff for the money received by him from John B. Cave?" This exception is well taken. Apart from the fact that the defendant not only received the money of the plaintiff and accounted for the same, the lapse of so much time from the date of such accounting to the date of this action will fully protect the defendant, Walker, from any liability to the plaintiff.

Fifth. "That the Court erred in holding that under the issue made, the fact as to whether Mr. Hayes was the agent of the wife, or whether he had a store account with the defendant, Walker, after the transfer of the Cave bond and mortgage to him, could, under the issues, make very little difference to Walker, as he had not in a single line of his answer relied upon these facts, but bases his defense upon a wholly different ground. And in not holding that the allegations of advances made by him to the plaintiff were sufficient, as set forth in the answer, and the fact that they were made through her agent, it was only necessary to prove, but unnecessary to allege." This Court has held in several cases that when testimony was offered outside the formal pleadings without objection, that such testimony was properly considered by the Court. Still the defendant, Walker, in his answer had raised the question of a proper accounting by him. This method of pleading raised the question of a settlement which included the question of agency, for a person may be said to have accepted the accounting whether made to her in person or through an agent. This ground of appeal is well taken.

Sixth. "That the Court erred in rejecting entirely the defendant's testimony showing an accounting with the plaintiffs, on the ground that such testimony was not relevant

to the defense; whereas, the Court should have held that the defendant's averment of an accounting and his denial of the allegations of the complaint charging that he had refused to account, were sufficient to allow the introduction of any testimony on the part of the defendant tending to show such accounting or tending to refute the allegations of the complaint." This ground of appeal is covered by the reasoning of this Court in disposing of the fifth ground of appeal. It is sustained.

Seventh. "That the Court erred in finding that the plaintiff upon the alleegations of her complaint was entitled to recover because the defendant, R. H. Walker, by his proof did not sustain the allegations of his answer, that the advances made by him under the terms of the agreement or trust obligation was money to be used by the plaintiff in paying the Sams mortgage; whereas, it is submitted that even if the proof did not sustain the answer in the particulars mentioned, it did sustain the allegations of the complaint and the terms of the agreement as set forth in the complaint, and it was immaterial whether the money was employed by the plaintiff to pay the Sams mortgage or for other purposes, as it constituted advances made by the defendant to the plaintiff." This Court is inclined to hold that while the defendant, Walker, did not by his proofs sustain that part of his answer which made a claim that he had used a larger part of the amount of the bond and mortgage assigned to him by the plaintiff, the sum of $965.24, than the sum of $275, yet on his proof he showed that he had paid for the benefit of plaintiff the sum of $965.24. Therefore, it was immaterial. This ground of appeal is sustained.

Eighth and Ninth. "The Court erred in rejecting the defendant's testimony as inconsistent with his answer, at the same time allowing plaintiff to prove an agreement inconsistent with the trust agreement set out in the plaintiff's complaint.

"The Court erred in finding that the issue of the agency of John A. Hayes for his wife, the plaintiff, was not raised

in the pleadings; whereas, it is submitted that the separate answer of John B. Cave distinctly raises the question of agency and goes to the merits of the case, and is such that the proof of it would defeat the recovery of the plaintiff, and should, therefore, inure to the benefit of his codefendant, R. H. Walker."

We might have left untouched all the questions raised in all the grounds of appeal save the first, but concluded to pass upon them all. We think the eighth ground of appeal should be sustained, for the reason that such testimony was held good before the master, and, besides, such testimony was pertinent. As to the ninth ground of appeal, it was competent to show that the plaintiff acted through her husband as her agent. This ground of appeal is sustained.

The judgment of this Court is, that the judgment of the Circuit Court be, and it is hereby, reversed, and that the plaintiff's complaint be dismissed.