[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 107 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 108 
July 12, 1939. The opinion of the Court was delivered by
The facts which make the issues in this intricate and intering case are fully set out in the able, well-considered *Page 145 
and comprehensive decree of Judge Featherstone, who heard the case on circuit, and will not be reproduced here. The decree is satisfactory to the Court, and might well have been left to stand upon the conclusions stated on page 55 of the Record. However, the Circuit Judge says there: "While the Court would prefer to rest the disposition of the entire case on these grounds, it feels it necessary and advisable to comment upon and dispose of the other issues which are raised and proceeds so to do." Accordingly, we follow him in his consideration of these issues.
The first is the matter of interest which the plaintiff seeks to claim from the date of the first return up to the commencement of the action on February 5, 1937. We concur with the Circuit Judge that this claim of interest is disbarred on the grounds of laches and equitable estoppel. See the authorities cited in the decree.
As to the commissions being properly credited in favor of the administrator, we think the Circuit Judge has properly construed and applied Section 3648 of the Civil Code of 1912, under which the question falls.
As to the administrator and the surety being allowed credit for rentals and receipts from real estate, the appellant contends as follows: "* * * If the Court is justified in concluding that the items referred to above represented crops grown by sharecroppers on lands of the estate, it must likewise, to be consistent, find that that portion of the return which shows items of expenditure which might be applicable to farming operations would in fact represent estate funds used by the administrator to carry on farming operations."
Such conclusion would be only an assumption. The administrator had no authority to carry on farming operations on the lands of the intestate's estate. There is no showing of any order of the Probate Court giving him power to carry on such farming operations. *Page 146 
Moreover, this would be an issue between the administrator and the heirs-at-law of the intestate.
In October, 1918, Mary M. Lazenby and other Lazenby heirs, as plaintiffs, instituted an action in the Court of Common Pleas for Lancaster County against R.B. Mackey, as administrator and other Lazenby heirs, for partition and sale of real estate in aid of assets. A material portion of the record is missing. The record contains an answer filed by the Lazenby defendants dated November 6, 1918, alleging that Mackey, as administrator, had received the proceeds of the personal estate and had made no accounting, and praying that he be made to account.
It is a natural conclusion that this issue was involved in the case. Judge Memminger made an order referring all issues of law and of fact to Paul Moore, Clerk of Court. There is no final decree or order in the case appearing in the record, and the referee is incapable of giving any information about the case. In such circumstances we think the Circuit Judge has arrived at a correct conclusion of this matter.
As to the credit claimed by the surety on account of premium, we agree with the Circuit Decree that the surety is not entitled thereto, for, as said by the decree: "* * * If there was a breach of the bond in this case, it occurred prior to the date of the period which it is sought to have the premiums credited."
Respondents, in their brief, seek to set up "additional sustaining grounds". But these are not properly presented in accordance with the provisions of the appropriate rules of Court, and, therefore, are not considered.
The exceptions are overruled. The judgment is affirmed.
MR. CHIEF JUSTICE STABLER and MR. JUSTICE FISHRURNE and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL concur.
MR. JUSTICE CARTER did not participate on account of illness. *Page 147