15689

BAGWELL v. HINTON *ET AL.*

(32 S. E. (2d), 147)

378

382

386

*Mr. B. F. Martin,* of Greenville, S. C., Counsel for Appellant,

*Mr. E. M. Blythe,* of Greenville, S. C., Counsel for Respondents,

Counsel for Appellant,

November 27, 1944.

CIRCUIT JUDGE G. DUNCAN BELLINGER, ACTING ASSO-
CIATE JUSTICE, delivered the Opinion of the Court:

The plaintiff brings this action in equity seeking an ac-
counting by O. T. Hinton, as administrator of the estate
of W. L. Bagwell, deceased, the said W. L. Bagwell having
during his life-time been the guardian of the estate of the
plaintiff. In the action Julien D. Wyatt is joined as ad-
ministrator of the estate of Mrs. Nancy Bagwell, deceased,
his intestate having been the surety on the bond of W. L.
Bagwell, as guardian of the estate of the plaintiff.

The decree of Judge Dennis, the trial Judge, sets out the
history of all of the proceedings heretofore had, together
with the facts found. It is necessary that the decree be re-
ported, and it is so ordered.

The happenings and events should, for a clear understand-
ing, be set forth in the following chronological order:

December 20, 1922, W. L. Bagwell appointed guardian.

November —, 1933, W. L. Bagwell died.

April 3, 1934, or April 3, 1935, plaintiff herein became
of age.

December 16, 1933, Nancy Bagwell appointed succeed-
ing guardian of Earle J. Bagwell. No funds came into her
hands.

April 30, 1934, Nancy Bagwell discharged regularly as
guardian of plaintiff, Bagwell.

August 28, 1938, Nancy Bagwell died.

September—, 1938, Julien D. Wyatt appointed admin-
istrator of the estate of Nancy Bagwell.

November —, 1938, the plaintiff gave notice of his claims
to Julien D. Wyatt and O. T. Hinton.

March 29, 1939, plaintiff filed his claim with both administrators and they declined liability.

December 6, 1939, O. T. Hinton appointed administrator of W. L. Bagwell estate.

October 21, 1938, an action for partition of lands of W. L. Bagwell and Nancy Bagwell, in which the plaintiff here was made defendant, was commenced and the lands of W. L. Bagwell and Nancy Bagwell were sold and the proceeds held by Mr. Wyatt, subject to the final determination of this claim of the plaintiff against those estates.

November 11, 1942, a suit to vacate the order of the Probate Court discharging Mrs. Bagwell as plaintiff's guardian was dismissed by Judge Oxner.

November 16, 1940, plaintiff brought action against O. T. Hinton, as administrator of W. L. Bagwell, and Julien D. Wyatt, as administrator and trustee of the estate of Nancy Bagwell. That complaint prayed for an accounting by the estate of W. L. Bagwell, who had been the plaintiff's guardian, and for judgment for the amount due against that estate only. No relief was claimed against Nancy Bagwell's estate.

March 29, 1941, plaintiff brought an action against all of the defendants named in the first complaint and asked that this action and the one commenced in 1940 be consolidated and heard together and asked (1) for an accounting by the estate of W. L. Bagwell, as guardian; (2) that the two actions be consolidated and that they be held in abeyance until the final decree of the Court in the action brought to set aside the alleged order of discharge of Nancy Bagwell in the Probate Court; and (3) that final judgment be given in his favor for the amounts found to be due him in connection with both guardianships. In this complaint it was expressly stated that no relief was sought against either principal or surety on the original guardianship. (That of W. L. Bagwell.)

On August 19, 1943, the plaintiff served another complaint against the same defendants. The last two complaints are amendments to the first complaint. The relief asked in that complaint, which is the one now before the Court, is (1) for an accounting of the guardianship of W. L. Bagwell and judgment against that estate "and judgment against the mother's estate on her obligation as surety" (on the bond as guardian of W. L. Bagwell.) (2) That the assets of the father's estate be applied to the payment of the amount due as herein determined and the amount of the balance due be adjusted between the parties to this action and proper distribution of the proceeds of both estates be decreed herein.

The first action asked primarily for an accounting of the father's estate.

The second action asked for an accounting of the mother's estate.

In the third action, which is the one before the Court, an effort is made for the first time to establish a liability of either, based upon the execution of the original bond signed by W. L. Bagwell, as guardian, and upon which Mrs. Bagwell was surety.

The exceptions taken by the appellant to the decree of Judge Dennis are numerous and argumentative, but the exceptions as made raise the following issues: (1) That the accounting had in the Probate Court by Nancy Bagwell, as the succeeding guardian of W. L. Bagwell, as guardian of the estate of the plaintiff, and her subsequent final discharge as such is a bar to the present action upon the grounds of *res judicata* and estoppel; (2) that the statute of limitations has run against the plaintiff to now maintain this action and also that he has been guilty of laches in not pursuing this action sooner; and (3) under the evidence was it error to relieve the estate of W. L. Bagwell of the amounts lost by him as guardian of the plaintiff in the closed banks.

This being an action in equity, plaintiff is entitled to ■ have a full, fair and impartial accounting by the administrator of the estate of W. L. Bagwell, his former guardian, of the acts and doings of said former guardian. The surety has been joined in this action and all issues can be fully and fairly determined herein against the former guardian's estate, as well as that of his surety on the bond of that guardian.

As heretofore set out, Nancy Bagwell was appointed as succeeding guardian of the estate of the plaintiff. She charged herself in her accounting to the Probate Court with a "balance on hand at last return $2,093.03" and then makes the notation "that these monies were lost in Easley Loan and Trust Company," which refers to the balance due by W. L. Bagwell, as guardian, to the plaintiff's guardianship estate. There is another entry in the same return "cash on hand year of 1932 lost in bank $60.98." This likewise refers to the guardianship of W. L. Bagwell. Mrs. Bagwell then enters, by way of receipts, certain monies received from crop rents and against this certain disbursements, the latter of which appears to be transactions handled by her as guardian. This is the only return to the Probate Court made by Mrs. Bagwell and she was thereafter, on April 30, 1934, discharged as the guardian of the plaintiff. This discharge has never been set aside, so it must be assumed that the law was fully complied with by making the *cestui que* trust a party to the proceedings, thereby making the discharge binding on him. At the time of this discharge there was no administration of the estate of W. L. Bagwell, nor does it show that the estate of W. L. Bagwell was made a party, so that the accounting was strictly one between Nancy Bagwell, as guardian, and the plaintiff. The record does not purport to show that the estate of W. L. Bagwell was in anywise a party to this action for discharge in the Probate Court.

The Circuit Court found "Under these facts the mother guardian became vested with the title to the guardianship estate. 65 C. J., 656; *Gary v. [People's] National Bank, supra.* Her discharge by the Probate Court adjudicated necessarily that the entire guardianship estate has been fully administered and that neither she, as guardian, nor her husband, as predecessor guardian, was liable either to account further or for judgment and such adjudication is *res judicata* as to the liability of W. L. Bagwell, and Nancy Bagwell, as guardian, to further account or for judgment against either."

It is true that Nancy Bagwell succeeded to the legal title of any property of the ward, Earle Bagwell, but the question of *res judicata* does not turn on who held the legal title to the property of the ward. Before the defense of *res judicata* is made good, the following elements must be shown: (1) The parties must be the same or their privies; (2) the subject-matter must be the same; and (3) while generally the precise point must be ruled, yet where the parties are the same or are in privity the judgment is an absolute bar not only of what was decided but of what might have been decided. Applying the principles to this case, in the accounting between the plaintiff here and his guardian, Nancy Bagwell, in the Probate Court, the estate of W. L. Bagwell, the predecessor guardian, was not made a party thereto, so that the parties were not the same. Mrs. Bagwell was a party to the accounting as guardian and not as surety on her husband's bond as a former guardian. The judgment of discharge of Mrs. Bagwell purported to cover only the estate actually handled by her. It was a discharge of her acts and doings as such guardian and was not a discharge of the acts and doings of the predecessor guardian, W. L. Bagwell. There could be no privity between the discharge of Mrs. Bagwell, as guardian, and the estate of W. L. Bagwell. The discharge of Mrs. Bagwell, as guardian, did not relate back

to the acts and doings of W. L. Bagwell, as guardian, so as to relieve the estate of W. L. Bagwell of accountability to this plaintiff. The precise point in this case, to wit, the accountability of the estate of W. L. Bagwell for his acts and doings as guardian were in no wise adjudicated in the accounting between Mrs. Bagwell, as guardian, and the plaintiff in this action. In that accounting the estate of W. L. Bagwell not being a party, the questions here involved could not have been, nor were they, decided. The defendants have not made out their plea of *res judicata* and any finding of the Circuit Court to the contrary on this point is reversed.

W. L. Bagwell, during his lifetime, had never fully administered the estate of his ward for the reason that he died before his ward became 21 years of age. The guardian had during his lifetime made reports to the Probate Court, but these were annual reports and at no time did he disavow his trust as guardian. The statute of limitations does not commence to run between a fiduciary and his *cestui que* trust until the fiduciary does some act which terminates the trust. *Colburn v. Holland,* 35 S. C. Eq., 176, 14 Rich. Eq., 176; *Long v. Cason,* 25 S. C. Eq., 60, 4 Rich. Eq., 60; *Sollee v. Croft,* 28 S. C. Eq., 34, 7 Rich. Eq., 34; *Mason v. Johnson,* 13 S. C., 20; *Dickerson v. Smith,* 17 S. C., 289; *Hayes v. Walker,* 70 S. C., 41, 48 S. E., 989; *Brockington v. Camlin,* 23 S. C. Eq., 189, 4 Strob. Eq., 189; *Arial v. Arial,* 29 S. C., 84, 7 S. E., 35; *Roberts v. Johns,* 16 S. C., 171; *Phillips v. Yon,* 61 S. C., 426, 39 S. E., 618; *Lyerly et al. v. Yeadon et al.,* 199 S. C., 363, 19 S. E. (2d), 648; *Chamberlain v. First National Bank of Greenville et al.,* 202 S. C., 115, 24 S. E. (2d), 158.

The returns as made to the Probate Judge, although accepted and approved by him, all appear to be *ex parte* returns to which the ward had not been made a party, which have no binding effect upon the ward. They,

however, are *prima facie* correct casting the burden upon the plaintiff herein to show that they are not correct. *Miller v. Alexander,* 10 S. C. Eq., 25, 1 Hill Eq. 25; *Riddle v. Riddle,* 26 S. C., Eq., 31, 5 Rich. Eq., 31; *Renwick v. Smith,* 11 S. C., 294; *Neville v. Robinson,* 17 S. C. L., 361, 1 Bailey, 361; *Buerhaus v. DeSaussure,* 41 S. C., 457, 19 S. E., 926, 20 S. E., 64.

For the defendant to show that the plaintiff has been guilty of *laches,* the defendant must show: First, a delay of an unreasonable length of time by the plaintiff in instituting the action; and, second, that such delay is unexplainable and negligent in failing to do what in law should have been done. While the statute of limitations is not applicable in an action between a *cestui que* trust and a fiduciary, so long as that relationship exists, a claim may be barred by *laches,* but the application of the principle of *laches* must be determined by the facts in each individual case. *Bell, Probate Judge, v. Mackey et al.,* 191 S. C., 105, 3 S. E. (2d), 816; *Lazenby v. Mackey et al.,* 196 S. C., 507, 14 S. E. (2d), 12; *Lyerly et al. v. Yeadon et al., supra.*

The facts in this case show that W. L. Bagwell, the guardian, died November 18, 1933, when the plaintiff was 19 or 20 years of age; that about one month thereafter, Nancy Bagwell was appointed the succeeding guardian and that she held this office until April 30, 1934, when she was discharged as guardian; Nancy Bagwell died August 20, 1938, and an administrator was appointed for her estate September —, 1938. There was no administration had on the estate of W. L. Bagwell until December 6, 1939, when O. T. Hinton was appointed the administrator; and on November 11, 1940, the plaintiff brought action against O. T. Hinton, as administrator of the estate of W. L. Bagwell, and Julien D. Wyatt, as administrator of the estate of Nancy Bagwell, in which was sought an accounting by the estate of W. L. Bagwell because of the guardianship of the said W. L. Bag-

well of the plaintiff's estate. There were several amendments allowed and upon the amended complaint this cause was heard.

There was a partition had of the lands of W. L. Bagwell and Nancy Bagwell, to which action the plaintiff herein was made a party. The plaintiff having given notice to the administrator of the estate of W. L. Bagwell and the administrator of the estate of Nancy Bagwell of his claim, it was agreed that the proceeds derived from the sale in partition be held until the claim herein of the plaintiff be disposed of.

The delay in bringing this action, as shown by the facts, is due to the minority of the plaintiff at the time of the death of his guardian; the fact that no administrator was appointed for the estate of W. L. Bagwell for a period of about six years that he had filed his claim with the administrators of both W. L. Bagwell and Nancy Bagwell; that it had been agreed in the partition suit had between the heirs of W. L. Bagwell and Nancy Bagwell that Mr. Wyatt, the administrator of Nancy Bagwell's estate, hold the proceeds from that sale until this claim could be adjudicated.

The defendants having failed to make out their defense of the statute of limitations and *laches,* any finding by the Circuit Court that such has been made out is not sustained, but to the contrary the exceptions of the appellant applying to these issues are affirmed.

The finding by the Circuit Court's decree that the estate of W. L. Bagwell should be relieved of the loss suffered by the failure of the banks and also that the estate of W. L. Bagwell should not be held accountable for interest on annual balances is sustained by the evidence before the Court touching upon those matters. We do not, however, agree with the Circuit Court's finding that the item of $1,700.00 deposited by the executors of the Murphy

estate to the credit of Earle J. Bagwell, minor, in the Easley Loan & Trust Company, was not under the facts here, for all intents and purposes, the deposit of W. L. Bagwell, as guardian. It is true that at the time this deposit was made by the executors of the Murphy estate W. L. Bagwell had not been appointed the guardian of the minor. The evidence on the other hand shows that when W. L. Bagwell became guardian of the estate of the minor he took over this account as it stood showing the deposit set forth on the bank's books and continued to use that account for depositing sums received by him as guardian and as guardian checking on that account.

Having disposed of the legal issues involved, we now turn to an analysis of the accounting had by W. L. Bagwell, as guardian of the plaintiff's guardianship's estate to the Probate Court.

The item of $1,658.65 appearing in the annual accounting to the Probate Court on the third return of the guardian, is a loan made by the guardian to himself out of his ward's funds. This was an illegal loan and created a shortage in his accounts as guardian to that extent. This is offset, however, by a conveyance of lands made by W. L. Bagwell to his ward, who thereafter sold these lands when he became of age, thereby ratifying and legalizing this loan.

After crediting the loss in the banks, the evidence shows that there was still some amount due to the ward by reason of interest collected upon the account in the bank and not entered by W. L. Bagwell in his returns as guardian. Likewise, there was a dividend from the receiver of the closed bank received by W. L. Bagwell, as guardian, in the sum of $109.67, and not entered in his accounting. In the bank statement referred to, are the following entries :

March 12, 1923 "Int. Paid in Cash to 1/3/23," but does not set forth the amount. A computation at the rate of interest allowed by the bank on this account, to-wit, 5% would make that sum so paid $42.50;

"Jan. 6 Int. pd. to W. L. Bagwell for 6 mos. $72.38;"

July 7, 1925 "Int. pd. to W. L. Bagwell to 7/3/25." The amount of interest paid for this period is not shown on the bank statement, but a computation would show the sum to be $67.94;

Jan. 4, 1926 "Int. pd. to 1/3/26." It is not shown on the account the amount of interest paid, but a computation shows it to be $48.47;

Jan. 4, 1927 "Int. pd. to 1/3/27 to W. L. Bagwell." The amount of this interest is not entered, but the amount chargeable would be $99.04;

Jan. 3, 1927 "Int. pd. to W. L. Bagwell to date." The amount of this interest is not shown on the bank statement, but the correct amount would be $190.93.

None of these items of interest were entered as deposits on the bank statement and do not reflect in the bank balances. These items constitute a debit charge against the estate of W. L. Bagwell, the former guardian.

The estate of W. L. Bagwell is entitled to receive by ▮▮ way of credit commissions due on these accounts, which commissions were not collected by W. L. Bagwell during his lifetime. In computing the commissions due, none are allowed on the loan of $1,658.65 made by the guardian to himself out of his ward's funds. No commissions are credited to the deceased guardian's estate on the loan made to and collected from Jno. O. Ferguson, as the guardian would only be entitled to the commissions allowed by law for any interest collected on that loan had such been collected. Commissions are refused to the estate of W. L. Bagwell on the interest paid by the bank on the deposit for

the reason that the deceased guardian never accounted to the Probate Court for the receipt of these sums. In computing the commissions on the receipts and disbursements by the deceased guardian, he is not entitled to commissions on any commissions credited to his estate and the commissions allowed are computed on this basis.

When the accounts are recast showing these adjustments, they would stand as follows:

### FIRST RETURN

#### Receipts

1922

| | | | |
|---|---|---|---:|
| Mch. | 12 | Interest paid W. L. Bagwell, guardian, by bank and not accounted for .... ...... | $ 42.50 |
| Sept. | 2 | Cash received from Executors.......... . | 1,700.00 |
| 1923 | | | |
| May | 17 | Cash received from Executors........... | 820.00 |
| July | 14 | Cash received from Executors........... | 100.00 |
| Aug. | 20 | Cash received from Executors........... | 500.00 |
| Oct. | 16 | Cash from Jno. Ferguson on Acct........ | 70.00 |
| Nov. | 21 | Rents from Farm .... .... .......... | 253.21 |
| | | | $3,485.71 |

#### Disbursements

1922

| | | | | |
|---|---|---|---:|---:|
| Dec. | 27 | Paid for repairs on farm ..... ... ... .$ | 2.50 | |
| 1923 | | | | |
| Mch. | 12 | Loans Jno. Ferguson on Acct.... ........ | 70.00 | |
| Apr. | 28 | Paid for repairs on farm .......... .... | 2.75 | |
| Apr. | 28 | Paid for fertilizer for farm .. ......... | 52.33 | |
| Oct. | 22 | Expense of order from Court . ........ | 25.00 | |
| Nov. | 24 | Paid for new tenant house built on farm.. | 843.00 | |
| | | Commissions due on first return ........ | 166.55 | |
| | | | $1,162.13 | 1,162.13 |
| | | | | $2,323.58 |

## SECOND RETURN

### Receipts

|  |  |  |  |
|---|---|---|---|
| Amount on hand at last return .......... |  |  | $2,323.58 |
| **1923** |  |  |  |
| Dec. 22 Received on distributive share ..........$ | 710.27 |  |  |
| **1924** |  |  |  |
| Jan. 6 Interest paid by bank not acct. for ...... | 72.38 |  |  |
| Aug. 18 Received on distributive share .......... | 15.00 |  |  |
| Oct. 25 Rents from farm ...................... | 195.00 |  |  |
| Nov. 15 Rents from farm ...................... | 180.00 |  |  |
|  | $1,172.65 | 1,172.65 |  |
|  |  | $3,496.23 |  |
| Receipts brought forward .............. |  | $3,496.23 |  |

### Disbursements

| **1923** |  |  |
|---|---|---|
| Dec. 21 State and County Taxes ................$ | 34.81 |  |
| Dec. 22 O. S. Stewart, Clerk, recording ........ | 11.80 |  |
| **1924** |  |  |
| Jan. 8 Repairs on house ...................... | 14.86 |  |
| May 27 Insurance on buildings ...............,.. | 16.00 |  |
| Sept. 6 Roof for Building ...................... | 5.00 |  |
| Oct. 25 Paid for fertilizer ...................... | 80.00 |  |
| Dec. 1 Paid for building barn ................. | 300.00 |  |
| Commissions due on this return ........ | 54.33 |  |
| $ | 516.80 | 516.80 |
|  |  | $2,979.43 |

## THIRD RETURN

### Receipts

| Balance on hand at last return .......... |  | $2,979.43 |
|---|---|---|
| **1925** |  |  |
| Feb. 2 Rent from farm ........................$ | 75.50 |  |
| Feb. 26 Received from distributive share ........ | 440.00 |  |
| July 9 Interest paid guardian by bank not ac-counted for ......................... | 67.94 |  |
| Sept. 19 Rents from farm .. .................... | 103.28 |  |
| ·Oct. 22 Rents from farm ...................... | 50.00 |  |
| $ | 740.72 | 740.72 |
|  |  | $3,720.15 |

#### Disbursements

1924
Dec. 18   State and County Taxes ................$   37.54
1925
Feb. 24   Loaned on note to self ..................  1,658.65
Sept. 19   Paid for fertilizer ......................  81.66
Nov. 30   State and County Taxes ................  41.18
      Commissions due ......................  32.22

                                $1,852.25   1,852.25

                                         $1,867.90

### FOURTH RETURN

#### Receipts

Balance on hand at last return ..........       $1,867.90
1926
Jan.   4   Interest paid by bank not acct. for ....$   48.47
Oct. 30   Rents from farm ......................  54.36

                               $  102.83     102.83

                                       $1,970.73

#### Disbursements

Jan. 16   R. A. Hudson, J. P. ....................$   1.15
May   8   Paid for insurance ......................  16.00
Oct. 30   Paid for fertilizer ......................  54.36
Nov. 18   Paid for taxes ..........................  59.69
      Commissions due ......................  2.68

                               $  133.88     133.88

                                       $1,836.85

### FIFTH RETURN

#### Receipts

Balance on hand at last return ..........       $1,836.85
1927
Jan.   4   Interest paid by bank not acct. for ......$   99.04
Apr. 22   Rents ..................................  59.69

                               $  158.73     158.73

                                     $1,995.58

## Disbursements

1927

| | | | | |
|---|---|---|---|---|
| May | 21 | Fertilizer | $ | 36.50 |
| June | 4 | Insurance on dwelling | | 16.00 |
| Dec. | 21 | Taxes, State and County | | 60.03 |
| | | Commissions due | | 2.95 |

| | | |
|---|---|---|
| | $ 115.48 | 115.48 |

$1,880.10

## SIXTH RETURN

### Receipts

| | | |
|---|---|---|
| Balance on hand at last return | | $11,881.10 |

1928

| | | | | |
|---|---|---|---|---|
| Mch. | 21 | Rents | $ | 178.00 |
| Nov. | 22 | Rents | | 36.00 |

| | | |
|---|---|---|
| | $ 214.00 | 214.00 |

$2,094.10

## Disbursements

1928

| | | | | |
|---|---|---|---|---|
| May | 23 | Insurance | $ | 10.00 |
| Oct. | 23 | Expenses | | 25.00 |
| Nov. | 7 | Repairing buildings | | 16.53 |
| Dec. | 29 | Taxes | | 60.03 |
| | | Commissions due | | 10.57 |

| | | |
|---|---|---|
| | $122.13 | 122.13 |

$1,971.97

## SEVENTH RETURN

### Receipts

| | |
|---|---|
| Balance on hand at last return | $1,971.97 |

1929

| | | | | |
|---|---|---|---|---|
| Jan. | 3 | Interest to date from bank not accounted for | $ | 190.03 |
| Mch. | 6 | Rents | | 108.40 |
| Mch. | 9 | Rents | | 37.35 |
| Nov. | 11 | Rents | | 145.84 |
| Dec. | 16 | Rents | | 73.72 |

| | | |
|---|---|---|
| | $ 556.24 | 556.24 |

$2,528.21

## Disbursements

1929

| | | |
|---|---|---|
| June 19 | Paid for fertilizer .....................$ | 48.50 |
| Dec. 26 | Paid for taxes ........................ | 60.72 |
| | Commissions due ...................... | 18.10 |

$ 127.32      127.32

2,400.89

## EIGHTH RETURN

### Receipts

| | |
|---|---|
| Balance on hand at last return ........ | $2,400.89 |

1930

| Dividend paid to W. L. Bagwell as guardian by Receiver of closed bank .......$ 109.67 | 109.67 |
|---|---|

$2,510.56

### Disbursements

1930

| | | |
|---|---|---|
| May 17 | Insurance on house ....................$ | 10.00 |
| Dec. 18 | State and County taxes ............... | 65.12 |

$ 75.12      75.12

$2,435.44

## NINTH RETURN

### Receipts

| | |
|---|---|
| Balance on hand at last return ........ | $2,435.44 |

1931

| Feb. 24 | Rents ..................................$ 98.70 | 98.70 |
|---|---|---|

$2,534.14

### Disbursements

1931

| | | |
|---|---|---|
| Feb. 3 | Paid R. A. Hudson for return ..............$2.20 | |
| May 21 | Insurance ........................... | 10.00 |
| June 9 | Insurance ............................ | 6.75 |
| Nov. 27 | State and County taxes ............... | 65.12 |
| Nov. 28 | 1 bag cement ......................... | .70 |
| | Commissions due ..................... | 4.87 |

$ 89.64      89.64

$2,444.50

## RECAPITULATION

| | Receipts | Disbursements |
|---|---|---|
| First Return | $3,485.71 | $1,162.13 |
| Second Return | 1,172.65 | 516.80 |
| Third Return | 740.72 | 1,852.25 |
| Fourth Return | 102.83 | 133.88 |
| Fifth Return | 158.73 | 115.48 |
| Sixth Return | 214.00 | 122.13 |
| Seventh Return | 556.24 | 127.32 |
| Eighth Return | 109.67 | 75.12 |
| Ninth Return | 98.70 | 89.64 |
| | $6,639.25 | $4,194.75 |

To be accounted for:

| | |
|---|---|
| Total Receipts | $6,639.25 |
| Total Disbursements | 4,194.75 |
| | $2,444.50 |

How accounted for:

| | |
|---|---|
| Loss in Banks | 2,154.01 |
| Balance due ward | $ 290.49 |

The recasting of the accounts show that the estate of W. L. Bagwell is due to the plaintiff herein the sum of $290.49, and the finding of the Circuit Court that no sum is due to the plaintiff is reversed. The plaintiff is entitled to judgment against O. T. Hinton, as administrator of the estate of W. L. Bagwell, deceased, in the sum of $290.49, and against Julien D. Wyatt, as administrator of the estate of Nancy Bagwell, deceased, as a secondary liability by reason of 'Nancy Bagwell having become surety upon the guradianship bond of W. L. Bagwell.

It is, therefore, ordered that the decree of the Circuit Court be and the same is modified in accordance with this opinion and that the cause be remanded to the Circuit Court with directions to enter judgment for the plaintiff for the sum herein found to be due him, together with the costs of the action.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES concur.