**Clarence R. BOYER, Sr., and Clarence R. Boyer, Jr., d/b/a Boyer Farms, Plaintiffs,**

v.

**W.R. GRACE & COMPANY, INC., Defendant.**

**Civ. A. No. 2:88–0359–8.**

United States District Court, D. South Carolina, Charleston Division.

Feb. 7, 1989.

W.B. Harvey, III, Beaufort, S.C., for plaintiffs.

Timothy W. Bouch, Charleston, S.C., for defendant.

### ORDER

BLATT, Chief Judge.

This matter is before this court on defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). The record includes a report of a United States Magistrate in which he recommends that defendant's summary judgment motion be granted. The report and recommendation of the United States mag-

istrate was made in accordance with 28 U.S.C. § 636 and the local rules of this district concerning reference to a magistrate. *See United States Magistrates*, Local Rule 19, D.S.C.; *Social Security Cases*, Local Rule 20, D.S.C.; *Bowman v. Bordenkircher*, 522 F.2d 209 (4th Cir.1975). Under 28 U.S.C. § 636(b),

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

In the present case, plaintiffs filed objections to the magistrate's report on February 2, 1989.

This action involves a January, 1982, contract between plaintiffs and defendant for the purchase of fertilizer. The fertilizer was shipped to plaintiffs in several shipments. Plaintiffs contacted defendant concerning differences in appearance in the several shipments, and were allegedly told that the variances would make no differences in the fertilizer's use or performance. Additionally, the fertilizer was marked to indicate which bags should be applied to the tomato crop. Plaintiffs proceeded to place the fertilizer on their tomato, cucumber, cantaloupe, and watermelon crops, resulting in damage to plaintiffs' crops.

Plaintiffs allege five (5) causes of action in this case: (1) breach of contract, (2) breach of express warranty, (3) breach of implied warranty of merchantability, (4) breach of implied warranty of fitness for an intended use, and (5) fraudulent misrepresentation. In this action, plaintiffs seek to recover monetary damages for harm caused to their cucumber, cantaloupe, and watermelon crops. This same contract for the sale of fertilizer was the subject of an action instigated in 1985 in the Charleston County Court of Common Pleas for damages to plaintiffs' tomato crop only. That action resulted in a jury verdict for plaintiffs, which defendants appealed. While the appeal was pending, the parties entered into a settlement agreement for the damage to the tomato crop.

■ Defendant moves for summary judgment here on the ground that *res judicata* operates to preclude plaintiffs from bringing a new action in this court concerning the same contract for the sale of fertilizer. The magistrate, citing the South Carolina cases of *Bagwell v. Hinton*, 205 S.C. 377, 32 S.E.2d 147 (1940), and *Nunnery v. Brantley Constr. Co., Inc.*, 289 S.C. 205, 345 S.E.2d 740 (Ct.App.1986), recommends that this court grant defendant's summary judgment motion in this action since the claims for damage to the watermelon, cantaloupe, and cucumber crops, as well as the claim for fraudulent misrepresentation, "might have been brought" in the 1985 state court action, thus bringing into this case the *res judicata* bar. While the court agrees that *Nunnery* and *Bagwell* properly state the law in South Carolina regarding the preclusive effect of prior judgments, this court notes that: "whether a federal court sits in diversity or has some other basis of jurisdiction, questions of the effect and scope of its judgment involve the power of the federal tribunal itself, and are not varied merely because state rules of decision underlie the judgment." *Hartnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1571, 94 L.Ed.2d 763 (1987). In *Hartnett*, the Fourth Circuit noted that in certain situations involving "important question[s] of state law such as privity", state law may be applied by federal courts. 800 F.2d at 1313. There being no unusual questions of state law involved in this case, this court finds that federal law is applicable. Additionally, the court notes that the federal law above cited and the South Carolina law relied on by the magistrate and the parties to this action are virtually identical. The Fourth Circuit Court of Appeals set forth in *Hartnett*: "[r]es judicata precludes the litigation by the plaintiff in a subsequent action of claims 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [first] action arose.'" *Harnett*,

800 F.2d at 1314, quoting *Restatement (Second) of Judgments* § 24(1) (1982); *Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 (4th Cir.1984) (embracing Restatement rule).

Plaintiffs object to the magistrate's recommendation on several grounds. First, plaintiff, relying on the California case of *Sawyer v. First City Financial Corp. Ltd.*, 124 Cal.App.3d 390, 177 Cal.Rptr. 398 (1981), asserts that the magistrate erred in recommending that the fraud action be barred in this separate action. While it is true that the California Court of Appeal in *Sawyer* allowed a fraud action to be brought after the contract action had already been heard, that case is readily distinguishable. In that case, the plaintiffs had attempted to bring both claims in their original action, but defendant successfully objected. That situation is entirely different than the one at bar in which plaintiffs made no effort to sue on the damage to their other, viney crops in the 1985 state court action for damages to their tomato crop.

■ This court agrees with the magistrate that *res judicata* does operate to bar this action. While the court was unable to find any federal or state case with similar facts to those at bar, examination of several South Carolina cases make it clear that any action that "might have been brought" in the first litigation is barred from litigation in a new action. For example, in *Holcombe v. Garland & Denwiddie*, 162 S.C. 379, 160 S.E. 881 (1931), the South Carolina Supreme Court held that *res judicata* operated to bar subsequent litigation of property damage loss resulting from an automobile-wagon accident in which plaintiff had already sued to recover personal injury losses. In *Lawton v. New York Life Ins. Co.*, 181 S.C. 230, 186 S.E. 909 (1936), the South Carolina Supreme Court cites with approval many cases holding that a suit on a note should include a claim for costs and attorney's fees provided for in the note and that a second suit for the costs and attorney's fees alone would be barred by *res judicata*. The situation at bar is similar to these cases—the plaintiffs knew of the damage to their watermelon, cantaloupe, and cucumber crops at the same time they brought suit for damage to their tomato crop. The damages incurred by the plaintiffs all allegedly arose from the use of the fertilizer purchased from defendant under the same contract; therefore, this court finds plaintiffs' first objection to be without merit.

Next, plaintiffs again object to the magistrate's recommendation that summary judgment be granted on *res judicata* grounds. Plaintiffs assert that there exist two causes of action, and, therefore, they are entitled to bring this second action. For the reasons already asserted by the magistrate and this court, plaintiffs' second objection is without merit.

■ Finally, plaintiffs object to summary judgment on *res judicata* grounds because of the settlement agreement entered into by plaintiffs and defendants after the trial of the state court action. Plaintiffs point out, and this court agrees, that the 1985 settlement agreement contemplated release of all claims plaintiff may have against defendant only for the "1982 Tomato Crop". While this is true, the legal principles previously quoted herein from *Hartnett* are clearly applicable to constitute a bar to this litigation. The fact that a settlement agreement was reached by plaintiffs and defendant does not affect the operation of claim preclusion.

As this court finds all of plaintiffs' objections to be without merit, defendant's motion for summary judgment on the ground that plaintiffs' 1985 state court action constitutes a bar to this action is hereby granted.

IT IS SO ORDERED.