22836

Burwell D. MANNING, Jr., and Eastern Corn and Grain Company, Inc., Appellants v. Timothy G. QUINN, Respondent.

(365 S. E. (2d) 24)

Supreme Court

*Ronald M. Childress,* of *Childress & Mille,* and *R. Randall Bridwell,* Columbia, *for appellants.*

*Charles E. Carpenter, Jr.,* and *George C. Beighley,* of *Richardson, Plowden, Grier and Howser,* Columbia, *for respondent.*

Heard Dec. 8, 1987.

Decided Feb. 8, 1988.

HARWELL, Justice:

This is an action against an attorney (respondent) alleging professional malpractice. The trial court granted summary judgment in favor of respondent, and appellants appeal that order. We affirm.

## FACTS

This lawsuit arose out of respondent's representation of appellants in a proceeding brought by the South Carolina Department of Highways and Public Transportation (the Department) to condemn four parcels of real property owned by appellants. During the condemnation proceeding, certain procedural irregularities were committed by employees and officials of the Department. A detailed factual history of this controversy is set forth in *South Carolina Department of Highways and Public Transportation v. Manning,* 283 S. C. 394, 323 S. E. (2d) 775 (1984); we will not restate all of the facts here.

The substance of the procedural irregularities was that the original $1,600,000.00 condemnation award was intercepted before it could be reduced to a resolution and served on the Department and appellants. A $619,000.00 award was substituted and a resolution was served on appellants and the Department. Appellants discovered the deception and attempted, through respondent and other attorneys, to obtain reinstatement of the original board award.

As a result of negotiations between appellants, their attorneys (including respondent), and Department officials, the original board awards were reinstated. Resolutions and checks in the original $1,600,000.00 amount were prepared and served on appellants and the Department. The Department then appealed this board award to the circuit court for a trial *de novo*, pursuant to S. C. Code Ann. § 57-5-500 (1976).

At trial, the Department offered to settle the case for $800,000.00. Respondent, appellants' trial counsel, recommended appellants accept this offer. An expert witness retained on behalf of appellants also recommended acceptance. Appellants rejected the offer and thereafter received a jury verdict of only $446,951.00. Appellants then instituted this action for legal malpractice against respondent.

Respondent was granted summary judgment on all four cases of action advanced by appellants. We need address only appellants' central complaint.

Appellants allege that respondent committed professional malpractice in failing to take legal action to force the Department to acknowledge June 12, 1979—the date of the original board awards—as the date of service of the resolution. Such an acknowledgment would have meant the Department's statutory time to appeal the award would have already lapsed. The agreement negotiated by respondent left the Department free to appeal the award.

## DISCUSSION

To obtain summary judgment, the moving party must show that no genuine issue exists as to any material fact and that he is entitled to judgment as a matter of law. Rule 56(c), SCRCP. In determining whether triable issues of fact exist, all inferences from the facts in the record must be viewed in the light most favorable to the party opposing the summary judgment motion. *Tom Jenkins Realty, Inc. v. Hilton*, 278 S. C. 624, 300 S. E. (2d) 594 (1983); *Hatchell v. Jackson*, 290 S. C. 256, 349 S. E. (2d) 407 (S. C. App. 1986).

The only evidence proferred by appellant that possibly creates a genuine issue as to a material fact was two affidavits by local attorneys. Attorneys Kermit S. King and Randall M. Chastain claimed that respondent "failed to exercise

the degree of care, skill and prudence commonly possessed and exercised by attorneys in the State of South Carolina, and of the legal profession generally." Additionally, both affiants listed actions respondent could have taken to preserve this clients' (appellants') recovery of the original condemnation award. The affiants submitted that respondent should have sought a temporary restraining order or a writ of mandamus, or filed an action seeking a declaratory judgment that the Department was effectively served on June 12, 1979.

This contention is without merit. In effect, appellants assert that respondent should have been able to somehow convince a circuit court that the Department's time for appeal started to run on June 12, 1979. That time-for-appeal argument has been expressly rejected by this Court. In *South Carolina Department of Highways and Public Transportation v. Manning, supra,* we held that notwithstanding the board's procedural irregularities, the time for notice of appeal did not begin to run until the resolution was actually served on August 7, 1979. As a matter of law, appellants cannot recover because they cannot show that further legal action instigated by respondent "most probably would have been successful." *Floyd v. Kosko,* 285 S. C. 390, 393, 329 S. E. (2d) 459, 461 (S. C. App. 1985).

The trial court held that "regardless of whatever other alternatives were potentially available, they could not have affected the result of the case." We agree. The attorney affidavits in the record contain mere conclusory statements suggesting legal actions which, in hindsight, might have been instituted on behalf of appellants. Nowhere in the affidavits do the attorneys address the likelihood of success of these actions. We find as a matter of law that the likelihood of success here was practically nonexistent; the argument upon which the actions allegedly should have been predicated—date of service—has been decided adversely to appellants by this Court. The likelihood of success of the proposed actions is a question of law here and decision of that question on summary judgment motion is appropriate. *See Floyd v. Kosko, supra.*

Appellants' remaining exceptions to the summary judgment order are meritless and are dismissed pursuant to

Supreme Court Rule 23. We therefore affirm *in toto* the order entering summary judgment for respondent.

Affirmed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.