914 F.2d 44
 17 Fed.R.Serv.3d 853
 Burwell D. MANNING, Jr.; Eastern Corn and Grain Co., Inc.,
Plaintiffs-Appellants,
v.
SOUTH CAROLINA DEPARTMENT OF HIGHWAY AND PUBLIC
TRANSPORTATION; Victor S. Evans, Deputy Attorney
General for the State of South Carolina,
Defendants-Appellees,
and
State of South Carolina; Paul Cobb, Chief Highway
Commissioner; Sidney O. Holstein, Chief Highway
Right-of-Way Engineer; B.G. Cloyd, Division Administrator,
Federal Highway Administration; Ramson S. Richardson,
Right-of-Way Engineer, Federal Highway Administration; Bill
Rice, Federal Highway Administration; Norman Snowden,
Federal Highway Administration; William Nimmer,
individually and as past or present member of the
Condemnation Board; John Perry, individually and as past or
present member of the Condemnation Board; C. Grady
Matthews, individually and as past or present member of the
Condemnation Board; William F. Austin; John Doe; Richard
Roe, being individuals employed in the Federal and State
Governments unknown to the Plaintiffs, all individually and
in their past or present official capacities, Defendants.
 No. 89-2461.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 4, 1990.
Decided Sept. 12, 1990.
 
 John Hughes Cooper (argued), Cooper & Raley, Charleston, S.C., Robert Randall Bridwell, Columbia, S.C., for plaintiffs-appellants.
 Richard Davis Bybee, Ellison D. Smith, IV (argued), Smith & Bundy, Charleston, S.C., for defendants-appellees.
 Before RUSSELL and SPROUSE, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 SPROUSE, Circuit Judge:
 
 
 1
 This appeal stems from a protracted dispute between appellants Burwell Manning, Jr. and Eastern Corn and Grain, Inc. (collectively Manning) and appellee South Carolina Department of Highways and Public Transportation (Highway Department) concerning the 1979 condemnation of certain land for construction of a beltway around Columbia, South Carolina. This is the third action Manning has filed contending, among other things, that he was deprived of his property without due process of law. The district court dismissed the suit. In this appeal, Manning challenges the dismissal as to two defendants: Victor Evans, a South Carolina deputy attorney general who was dismissed on the basis of the "two dismissal rule," see Fed.R.Civ.P. 41(a)(1); and the Highway Department, which was dismissed on eleventh amendment grounds. We affirm.
 
 
 2
 * The saga of this dispute and its meanderings through various courts began in 1979, when the Highway Department condemned four parcels of land owned by Manning. In accordance with then-existing state law, the Department served Manning with notice and appointed a Board of Condemnation which, on June 12, 1979, awarded Manning approximately $1.6 million for the property. Ordinarily, the money award would have been placed in writing in a formal resolution and served on the parties. Either party could then have appealed and received a trial de novo in state court. S.C.Code Ann. Secs. 57-5-480 & -500 (1976), repealed by 1987 S.C. Acts 173, Sec. 55.
 
 
 3
 In this case, however, the project right-of-way engineer, the chief highway commissioner, and Evans, the state deputy attorney general representing the Highway Department, decided that the Board should reconvene to reconsider the award without notice to Manning. On June 14, the Board reduced the award to $619,000 and issued its formal resolution. Evans was among the participants. After Manning learned of and objected to the Board's actions, the Board reconvened on August 7, 1979, reinstated the $1.6 million award, and issued another resolution.
 
 
 4
 On August 15, the Highway Department noted its intent to appeal the Board award. Manning moved to dismiss, asserting that the appeal should have been filed after the June 12 award and was untimely.[1] The Court of Common Pleas for Richland County denied Manning's motion; the case proceeded to trial; and a jury found the property to be worth $446,951. The South Carolina Supreme Court affirmed on appeal, holding that under the condemnation statute, the time for appeal of a Board award did not begin to run until the Board's resolution had actually been served. South Carolina Dep't of Highways v. Manning, 283 S.C. 394, 323 S.E.2d 775, 777-78 (1984). The court reasoned that, because no resolution had been served after the June 12 meeting, that meeting could not start the clock for noting an appeal.
 
 
 5
 In the meantime, Manning began pursuing his claim through other channels. On January 15, 1982 (prior to the state court trial in the underlying condemnation proceedings), Manning filed a 42 U.S.C. Sec. 1983 action in United States District Court, naming as defendants the Highway Department and a number of individuals involved in the condemnation proceeding. Evans was not among those named. However, the complaint did include as defendants "John Doe" and "Richard Roe," stating:
 
 
 6
 John Doe and Richard Roe are individuals employed by the Federal or State Governments whose identities are at this time unknown to the Plaintiffs but who joined and participated in the acts and omissions set forth herein.
 
 
 7
 The complaint then alleged that Doe and Roe participated in the reduction of the original board award and conspired with the named defendants to deprive Manning of his rights.[2] Manning voluntarily dismissed this suit by notice on January 28, 1982.
 
 
 8
 On June 10, 1985, Manning filed a state action which named Evans along with the other defendants and stated claims for violations of federal and state constitutional rights, conspiracy, and fraudulent representation, among other things. On July 9, 1985, Manning dismissed by notice the individual defendants in that suit; the action as to the Highway Department and the State apparently has been stayed.
 
 
 9
 On June 11, 1985, Manning filed the present action in United States District Court, naming as defendants the State of South Carolina and the Highway Department, and a number of persons--including Evans--in their personal and official capacities. The action as amended stated claims for constitutional violations, RICO violations, abuse of process, fraud and deceit, and outrage; challenged the constitutionality of the state statutes involved; and sought actual, treble, and punitive damages, attorney fees, costs, interest, and declaratory and injunctive relief.
 
 
 10
 Over the course of the next three years, all defendants in this action were dismissed--voluntarily or by court order. Only two of the defendants are of concern in this appeal: Evans, who was dismissed on the basis of the two dismissal rule, see Fed.R.Civ.P. 41(a)(1); S.C.R.Civ.P. 41(a)(1); and the Highway Department, which was dismissed in part on the basis of the Supreme Court's holding in Will v. Michigan Dep't of State Police, --- U.S. ----, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), and in part on eleventh amendment grounds. Manning appeals.
 
 II
 
 11
 We consider first the applicability of the two dismissal rule to the proceedings here. The rule provides:
 
 
 12
 [A] notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
 
 
 13
 Fed.R.Civ.P. 41(a)(1); S.C.R.Civ.P. 41(a)(1). Because a notice of a second dismissal[3] by the plaintiff serves as an "adjudication upon the merits," the doctrine of res judicata applies. Engelhardt v. Bell & Howell Co., 299 F.2d 480, 484 (8th Cir.1962); cf. Havee v. Belk, 775 F.2d 1209, 1222 n. 18 (4th Cir.1985).[4]
 
 
 14
 Here, the district court concluded that Manning was foreclosed from pursuing his claim against Evans because he had dismissed Evans by notice from two previous actions (i.e., the 1982 federal court suit which named as defendants Doe and Roe but not Evans, and the 1985 state court suit[5] which listed Evans among the defendants). Manning urges that the 1982 dismissal should not count because Evans was not named as a defendant. We disagree.
 
 
 15
 Manning's argument ignores the principle that res judicata extends not only to named parties to an action, but also to their privies. Nash County Bd., 640 F.2d at 493; Bagwell v. Hinton, 205 S.C. 377, 32 S.E.2d 147, 156 (1944). While privity is an elusive concept, see generally Nash County Bd., 640 F.2d at 493-94.
 
 
 16
 [t]he term "privy", when applied to a judgment or decree, means one so identified in interest with another that he represents the same legal right. One in privity is one whose legal interests were litigated in the former proceeding.... "Privity" as used in the context of res judicata or collateral estoppel, does not embrace relationships between persons or entities, but rather it deals with a person's relationship to the subject matter of the litigation.
 
 
 17
 Richburg v. Baughman, 290 S.C. 431, 351 S.E.2d 164, 166 (1986). Here, Manning and his lawyer testified that Evans was intended to be the defendant Doe or Roe named in Manning's first action. Given these statements, Manning can hardly assert that Evans' legal rights were not implicated in the initial suit. The district court did not err in considering Manning's dismissal of the action filed in January 1982 as the first of two dismissals of Evans as a defendant.
 
 III
 
 18
 Manning next challenges the district court's dismissal of his claim against the Highway Department, urging that he was deprived of his property interest in the condemnation board's initial $1.6 million dollar award without due process.[6] Manning briefed this theory at length, resting his claim primarily on 42 U.S.C. Sec. 1983, but at oral argument acknowledged (as he apparently had before the district court) that his Sec. 1983 claim against the Highway Department has been precluded by the Supreme Court's decision in Will v. Michigan Dep't of State Police, --- U.S. ----, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that neither a state agency nor its officials acting in their official capacities are "persons" amenable to suit under Sec. 1983). We agree that Will prohibits a Sec. 1983 action against the Highway Department.
 
 
 19
 However, Manning submits that he is still entitled to relief under the Declaratory Judgment Act. 28 U.S.C. Sec. 2201; see also 28 U.S.C. Sec. 1343 (granting jurisdiction for civil rights actions). Like the district court, we find this argument unavailing. Manning is not seeking injunctive relief to remedy an ongoing violation of state law. The South Carolina General Assembly completely revamped its eminent domain proceedings in 1987, eliminating the use of condemnation boards. See S.C.Code Ann. Secs. 28-2-20 et seq. What Manning requests is a declaration that his rights were violated under an outmoded statutory scheme. The only benefit he could derive from a favorable ruling would be a judgment which he could argue as res judicata in his stayed state court proceedings against the Highway Department.[7] Under similar circumstances, the Supreme Court concluded that an award of declaratory relief would be prohibited by the eleventh amendment:
 
 
 20
 We think that the award of a declaratory judgment in this situation would be useful in resolving the dispute over the past lawfulness of respondent's action only if it might be offered in state-court proceedings as res judicata on the issue of liability, leaving to the state courts only a form of accounting proceeding whereby damages or restitution would be computed. But the issuance of a declaratory judgment in these circumstances would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment.
 
 
 21
 Green v. Mansour, 474 U.S. 64, 73, 106 S.Ct. 423, 428, 88 L.Ed.2d 371 (1985).
 
 IV
 
 22
 In sum, in our view the district court did not err in dismissing Manning's action against Evans as barred by the two dismissal rule and his claim against the Highway Department as foreclosed under the eleventh amendment. The judgment of the district court is therefore
 
 
 23
 AFFIRMED.
 
 
 
 [1]
 Under the then-existing statute, the Highway Department would have been required to note its appeal within 20 days of receipt of the Board's resolution. S.C.Code Ann. Sec. 57-5-500
 
 
 [2]
 Manning has testified that he was aware of Evans' involvement. Indeed, he states that his lawyer knew Evans, did not want to handle the action if Evans was named as a defendant, and therefore employed the Doe and Roe device. Manning subsequently sued his attorney for malpractice and lost. Manning v. Quinn, 294 S.C. 383, 365 S.E.2d 24 (1988)
 
 
 [3]
 The two dismissal rule applies when the second dismissal is by notice, but not when the defendant is dismissed by motion or by stipulation. 9 C. Wright & A. Miller, Federal Practice & Procedure Sec. 2368, at 188 (1971) (hereafter 9 Wright & Miller). The dismissals here were by notice
 
 
 [4]
 See generally Nash County Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 486 (4th Cir.) (elements necessary for res judicata are identity of parties, identity of causes of action, and a final judgment on the merits), cert. denied, 454 U.S. 878, 102 S.Ct. 359, 70 L.Ed.2d 188 (1981). Manning does not contend that the series of suits he filed stemming from the condemnation proceedings involved different causes of action
 
 
 [5]
 When the second dismissal occurs in state court (as it did here), the two dismissal rule applies only if the state has enacted its own version of the two dismissal rule and would therefore treat the second dismissal as a dismissal with prejudice. 9 Wright & Miller at 190-91; cf. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984) ("a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered"); Mears v. Town of Oxford, Md., 762 F.2d 368, 371 (4th Cir.1985). South Carolina has adopted most of the language of Fed.R.Civ.P. 41(a)(1), including the two dismissal rule
 
 
 [6]
 Manning had raised a series of other claims against the Highway Department. All except his request for declaratory relief had been dismissed in earlier proceedings before the district court and are not at issue in this appeal
 
 
 [7]
 In response to questions at oral argument, Manning indicated that his only other reason for continuing to pursue declaratory relief would be the possibility of obtaining attorney fees under 42 U.S.C. Sec. 1988. This amounts to a circular argument that a plaintiff should be allowed to pursue a claim for declaratory relief solely for the purpose of providing the plaintiff with attorney fees and that the possible availability of attorney fees should suffice to allow a party to pursue litigation which would be otherwise verboten under the eleventh amendment. So stated, Manning's argument is clearly without merit