23790

Ann CREED and Ronald J. Geiss, Respondents v.
CITY OF COLUMBIA, Appellant.

(426 S.E. (2d) 785)

Supreme Court

---

*Kenneth E. Gaines*, Columbia, *for appellant.*

*Deborah R.J. Shupe* and *James A. Merritt, Jr.*, Columbia, *for respondents.*

Heard Dec. 11, 1992.

Decided Feb. 1, 1993.

TOAL, Justice:

In this action, the plaintiff, Geiss, was driving Creed's automobile when he was struck by a Columbia police officer. From a jury award for the plaintiffs, the City appeals the admission of evidence of the police officer's conduct immediately after the accident and expert witness testimony related to Geiss' emotional and mental injuries. We affirm.

### Police Officer's Conduct

Geiss' automobile was struck by a City of Columbia police vehicle driven by Turner, a police officer. Geiss was seriously injured. Geiss and several witnesses testified that immedi-

ately after the accident, Geiss was shivering and bleeding from a gash on his head. As the witnesses attempted to apply pressure to the wound and to cover Geiss, Turner abrasively interceded and tried to prevent them from offering aid. The witnesses argued with Turner. Geiss testified he was conscious enough to be aware of this altercation and was frightened that Turner would succeed in preventing the witnesses from helping him. The City objected to this evidence as being irrelevant.

The admission of evidence is a matter addressed to the sound discretion of the trial judge. Absent clear abuse of discretion amounting to an error of law, the trial court's ruling will not be disturbed on appeal. *Hofer v. St. Clair*, 298 S.C. 503, 381 S.E. (2d) 736 (1989). This evidence was admitted, not to show a separate act of negligence, but on the issue of damages. The South Carolina Tort Claims Act expressly provides for the recovery of damages for pain, suffering, and mental anguish, and any other actual damages recoverable in actions for negligence. S.C. Code Ann. § 15-78-30 (1992). Geiss pled emotional injuries as a direct result of Turner's negligence in causing the collision; thus, this evidence was admissible on the issue of Geiss' emotional injuries.

*Expert Witness Testimony*

A general practitioner, Dr. Yates, testified he examined Geiss twice after the accident. Dr. Yates sent Geiss to a neuropsychologist for evaluation of his mental and emotional symptoms. Dr. Yates opined Geiss suffered some emotional injuries, including exacerbation of manic depression and a decrease in his cognitive functioning. According to Dr. Yates, the emotional exacerbation was temporary, but the intellectual impairment would be partially permanent. Dr. Yates further testified that a comparison of Geiss' junior high school record I.Q. test and an I.Q. test performed by the neuropsychologist indicated that Geiss' I.Q. had dropped 15 points as the result of the accident.

The City objected to this testimony on the grounds that the physician, as a general practitioner, was not qualified to give his opinion on Geiss' mental and emotional injuries as he was not a neurologist or psychologist. The qualification of a witness as an expert and admissibility of his

testimony are matters largely within the discretion of the trial judge. *South Carolina Dept. of Highways and Public Transportation v. Manning*, 283 S.C. 394, 323 S.E. (2d) 775 (1984). A physician is not incompetent to testify merely because he is not a specialist in the particular branch of his profession involved. *Hill v. Carolina Power & Light Co.*, 204 S.C. 83, 28 S.E. (2d) 545 (1943). The fact that he is not a specialist goes to the weight of his testimony, not its admissibility. *Id.* Accordingly, Dr. Yates was qualified to give an opinion on Geiss' mental and emotional injuries.

The City also objected to this opinion testimony on the grounds that Dr. Yates, in rendering his opinion, relied on tests and a report completed by a nontestifying neuropsychologist. Rule 43(m)(2) of the South Carolina Rules of Civil Procedure, which is identical to the Federal Rule 703, allows experts to give opinions based on facts or data which would otherwise not be admissible, provided the facts or data are of a type reasonably relied upon by experts in the particular field in forming opinions or inferences in the subject.[1] The reasoning behind this rule is that physicians make life and death decisions in reliance upon information from numerous sources, including opinions and reports from other doctors. The testifying physician's validation, expertly performed and subject to cross examination, ought to suffice for judicial purposes. Advisory Committee's Notes for Fed. R. Evid. 703. This rationale is reinforced when the opinion is founded not only upon reports, but also, in part, upon the expert's first-hand knowledge, as was the case here. John W. Strong, *McCormick on Evidence* § 15 (4th Ed. 1992). Accordingly, the testimony was properly allowed.

We affirm.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.

---

[1] Rule 43(m)(2) provides:

*Bases of Opinion Testimony by Experts.* The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.