Bobby KINNISON, Plaintiff,

v.

**MISSISSIPPI DEPARTMENT OF WILDLIFE, FISHERIES, AND PARKS, Defendant.**

No. CIV.A. 2:97–CV–230PG.

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Jan. 14, 1998.

Henry D. Granberry, III, Jeffrey A. Varas, Varas & Morgan, Hazlehurst, MS, for Bobby Kinnison.

Richard L. Arnold, Mississippi Department of Wildlife, Jackson, MS, for Mississippi Department of Wildlife, Fisheries and Parks.

## *MEMORANDUM OPINION AND ORDER*

PICKERING, District Judge.

This cause is before this Court on the Motion of Defendant, Mississippi Department of Wildlife, Fisheries, and Parks, to Dismiss or in the Alternative for Summary Judgment. The Court, having reviewed the motion and being otherwise fully advised in the premises, finds as follows, to-wit:

During the 1997 regular session, the Mississippi Legislature enacted Senate Bill No. 2946, which was subsequently sent to the Governor for signature. The bill facilitates a number of purposes, such as "[t]o classify certain wild animals as inherently dangerous to humans; to provide for the strict regulation of such animals; to prohibit the possession of such animals; to allow persons possessing such animals to continue if certain requirements are met; to require permits for such animals; to provide penalties for violations; to authorize the Commission on Wildlife, Fisheries and Parks and the Department of Wildlife, Fisheries and Parks to administer [the] act; and for related purposes."

Pursuant to the bill, a number of animals were classified as "inherently dangerous to humans." Wolf hybrids were included among the animals deemed to be inherently dangerous by the Mississippi Legislature. Thus, the act sets forth certain conditions for possession, purchase and sale of wolf hybrids, including the requirement of proof of liability insurance "in the amount of One Hundred Thousand Dollars ($100,000.00) for each wild animal up to a maximum of One Million Dollars ($1,000,000.00)." The act also imposes upon owners the "burden of proving that any wild animals subject to this act are or will be imported, transferred, sold, purchased or possessed in compliance with act and regulations."

The plaintiff, Bobby Kinnison, is a breeder and vendor of a canine species known as the "wolf hybrid," which is an animal that evolved by virtue of cross-breeding between wolves and dogs. Therefore, the act's regulations apply directly to Plaintiff and his animals.

In filing his complaint, Plaintiff requests that this Court find Senate Bill No. 2946 to be in violation of the plaintiff's constitutional guarantees of equal protection and procedural due process, and Plaintiff requests that this Court issue a permanent injunction prohibiting the defendant from enforcing the provisions of the bill.

The defendant, the Mississippi Department of Wildlife, Fisheries and Parks ("MDWF & P"), filed a Motion to Dismiss or in the Alternative for Summary Judgment. In their motion, Defendant contends that Plaintiff's suit is barred under the unyielding fabric of the Eleventh Amendment to the United States Constitution.

### STANDARD OF REVIEW

Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if a party fails to state a claim under which relief can be granted. The allegations of the Complaint must be accepted as true when the Court considers whether the plaintiffs have stated a cause of action. *See Cramer v. Skinner*, 931 F.2d 1020 (5th Cir.), *cert. denied*, 502 U.S. 907, 112 S.Ct. 298, 116 L.Ed.2d 242, 60 U.S.L.W. 3057 (1991). Only the Complaint and the allegations contained therein are to be considered in reaching a decision on a defendant's Rule 12(b)(6) motion to dismiss. The Complaint should not be dismissed unless it appears beyond doubt that the Plaintiffs can prove no set of facts in support of his/her claims which would entitle him/her to relief.

### ELEVENTH AMENDMENT ISSUE

 The federal government is a government of limited power. *See, e .g., M'Culloch v. Maryland*, 17 U.S. (4 Wheat) 316, 404, 4 L.Ed. 579 (1819) (professing "This government is acknowledged by all to be one of enumerated powers."); *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 175, 2 L.Ed. 60 (1803)

(stating "[T]hat those limits may not be mistaken, or forgotten, the constitution is written."). The federal courts have no powers except those given to them by the Constitution. *See, e.g., Marbury*, 5 U.S. (1 Cranch). All powers not delegated to the federal government are reserved to the states. U.S. Const. Amend X.

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. Amend. XI. Although the specific wording of the Eleventh Amendment does not bar a suit against the state by its own citizens, the Supreme Court "[h]as consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Since federal courts have limited jurisdiction, this is entirely appropriate.

 Absent waiver, state agencies acting under state control may not "be subject to suit in federal court." *Welch v. Texas Dept. of Highways and Pub. Transp.*, 483 U.S. 468, 480, 107 S.Ct. 2941, 2949–50, 97 L.Ed.2d 389 (1987) (plurality opinion); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under section 1983). As succinctly stated by the Fifth Circuit, "The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against . . . a state agency or department." *Richardson v. Southern University*, 118 F.3d 450, 452 (5th Cir.1997). In sum, absent the state's consent, a plaintiff cannot avoid the Eleventh Amendment by suing a state agency instead of the state itself. *See Richardson*, 118 F.3d at 452.

 The Fifth Circuit has "shaped the contours of Eleventh Amendment immunity to comport with the common sense notion that a plaintiff cannot avoid the sovereign immunity bar by suing a state agency or an

arm of a State rather than the State itself." *Id.* at 452. A lawsuit is barred if "the state is the real party in interest." *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974); *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945); *Delahoussaye v. New Iberia,* 937 F.2d 144, 146 (5th Cir.1991). It cannot be denied that the state agency involved herein is simply a part of the State of Mississippi and is carrying out state policy as directed by the Mississippi legislature. As a result, Plaintiff cannot sue the State of Mississippi unless the State of Mississippi has waived its sovereign immunity.

■ Plaintiff infers that Mississippi may have waived its Eleventh Amendment immunity by accepting federal funds. In his brief, Plaintiff cites *Department of Education, State of Hawaii v. Katherine D.,* 727 F.2d 809 (9th Cir.1983), *cert. denied,* 471 U.S. 1117, 105 S.Ct. 2360, 86 L.Ed.2d 260 (1985). Plaintiff argues that when the state agency participates in a federally funded program, or when it engages in activity regulated by Congress, the state waives its Eleventh Amendment immunity. However, in *Katherine D.,* the defendant state agency had received federal funds under a federal statute that conditioned the state's receipt of those funds upon "the state's amenability to suit in federal court." *Katherine D.,* 727 F.2d at 819. The plaintiff in the instant case alleges no similar statutory waiver of sovereign immunity on the part of the defendant. As a result, *Katherine D.* is not applicable to the case *sub judice.*

■ Waiver of state immunity will not be found unless a state has clearly evidenced its intent to do so. Plaintiff has made no effective allegation that Mississippi has waived its sovereign immunity in this situation. Having failed to allege a clear waiver of sovereign immunity by the State of Mississippi, Plaintiff's complaint fails. According to the Supreme Court, "[C]onstructive consent is not a doctrine commonly associated with the surrender of constitutional rights." *Welch,* 483 U.S. at 473 (citing *Edelman,* 415 U.S. at 673). A state will be deemed to have waived its immunity only where stated "by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Edelman,* 415 U.S. at 673; *Welch v. State Dept. of Highways and Public Trans.,* 780 F.2d 1268, 1285 n. 13 (5th Cir.1986), *aff'd,* 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987). Consequently, "The mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts." *Edelman,* 415 U.S. at 673. Plaintiff has made no allegations sufficient to establish that the State of Mississippi has waived its sovereign immunity in this case. The Court finds that Plaintiff has not sufficiently alleged that the State of Mississippi has waived its Eleventh Amendment immunity, and therefore, Defendant may not be sued in this case in federal court.

■ Since the defendant is a state agency protected from suit in federal court by the Eleventh Amendment, and is not a "person" [1] within the meaning of section 1983, *see Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the defendant's motion to dismiss will be granted and a separate judgment of dismissal will be entered. [2]

---

1. Since the Supreme Court decided *Will,* a number of federal courts have held that state agencies are not "persons" for purposes of section 1983. *See, e.g., Cronen v. Texas Dep't of Human Servs.,* 977 F.2d 934, 936 (5th Cir.1992); *Kroll v. Board of Trustees,* 934 F.2d 904, 910 n. 7 (7th Cir.1991); *Manning v. South Carolina Dep't of Highway and Pub. Transp.,* 914 F.2d 44, 48 (4th Cir.1990); *Norfleet ex rel. Norfleet v. Arkansas Dep't of Human Servs.,* 796 F.Supp. 1194, 1197 (E.D.Ark. 1992); *Chrissy F., by Medley v. Mississippi Dep't of Pub. Welfare,* 780 F.Supp. 1104, 1116 (S.D.Miss.1991).

2. Even if this action was not barred by the Eleventh Amendment, the Court has serious reservations as to whether or not there is a "case or controversy" under Article III of the Constitution. Even if the case was not barred, it appears that it was prematurely brought.

It is doubtful that the plaintiff has alleged a violation of either the Equal Protection Clause, the Due Process Clause of the Fifth Amendment or the Due Process Clause of the Fourteenth Amendment, respectively. States have considerable latitude under their police powers, and it is

For the reasons stated above, Defendant's Motion to Dismiss against Plaintiff should be and is hereby **GRANTED**.

not the prerogative of federal courts to interject itself into legislative matters, unless there is a violation of rights contemplated by the Constitution. There is no evidence that the State of Mississippi is treating this Plaintiff unequally. Likewise, there is no allegation that Plaintiff is being deprived of property. He is being required to obtain insurance in certain situations, but that does not deprive him of property. It appears to this Court that this is a legitimate exercise of the state's legislative powers to determine legitimate safety interests of its citizens. Public policy, not clearly contrary to the Constitution, should be determined by legislative bodies, not the courts. The founding fathers, for good reason, adopted the doctrine of "separation of powers." This doctrine is clearly enunciated in the Constitution, is still controlling, is supported by sound logic and ought to be respected and followed by federal courts.