**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Mayers, Appellant,

v.

Konan Henthorn, Respondent.

Appellate Case No. 2020-000534

———

Appeal From Charleston County
Bentley Price, Circuit Court Judge

———

Unpublished Opinion No. 2023-UP-177
Heard March 15, 2023 – Filed May 11, 2023

———

**AFFIRMED**

———

Eric Marc Poulin and Roy T. Willey, IV, both of Poulin, Willey, Anastopoulo, LLC, of Charleston; Angeline M. Larrivee, of Poulin, Willey, Anastopoulo, LLC, of Williamston; and Alexis Wimberly McCumber, of Poulin, Willey, Anastopoulo, LLC, of Athens, GA, all for Appellant.

Michael T. Coulter, of Clarkson, Walsh & Coulter, PA, of Greenville and William Joseph Horvath, of Turner Padget Graham & Laney, PA, of Charleston, both for Respondent.

———

**PER CURIAM:**  John Mayers appeals a jury verdict finding Konan Henthorn was not negligent in causing the wreck between Mayers' bicycle and Henthorn's car. Mayers contends the trial court erred in denying his argument that Henthorn did not timely answer discovery and therefore admitted liability.  Mayers also argues the trial court erred in allowing evidence related to alcohol and in denying his new trial and judgment notwithstanding the verdict (JNOV) motion.

**DISCOVERY/CONTESTED LIABILITY**

Rule 36(a), SCRCP, allows a party to serve requests for admission at the same time the party serves the summons and complaint.  It also specifies that the requests are deemed admitted unless there is a timely response.  *Id*.

Even so, and as the two circuit judges[1] who heard this same argument found, Rule 36(a) does not trump Rule 5(b)(1), SCRCP.  That rule says, "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney[,] the service shall be made upon the attorney unless service upon the party himself is ordered by the court."  We hold the rule is straightforward and that when the rules are read together, they mandate service of discovery—even discovery served with initial process—be served on a party's counsel if counsel has appeared in the action.

Mayers claims he personally served requests for admission on Henthorn in March 2018, but there is no dispute Henthorn's counsel had already appeared in the action by filing an answer on Henthorn's behalf in December 2017.  Because Henthorn's counsel was of record before Mayers personally served Henthorn, Rule 5 required the discovery be served on Henthorn's counsel.[2]  Thus, the initial service of discovery was not valid.  Mayers served Henthorn's counsel in January 2019. Henthorn's counsel responded within a week.

**EVIDENCE RELATED TO ALHOCOL**

---

[1] Judge Roger Young heard and rejected this argument in a pretrial hearing before continuing the case.  Almost a year later, Judge Bentley Price heard it as a summary judgment motion at the beginning of trial.

[2] We are concerned that the discovery personally served on Henthorn has a certificate of service stamp indicating it was served on all counsel of record despite there being no dispute the discovery was not served on Henthorn's counsel.

Mayers argues the trial court abused its discretion in allowing evidence that two unopened beer cans were found near the site of the collision and evidence related to alcohol consumption in Mayers' medical record. Mayers contends there was no duty requiring him to abstain from consuming alcohol before riding a bicycle, there was no evidence he had impaired judgment, and Mayers denied the contents of the medical record (which he also contends was inadmissible hearsay).

"The admission of evidence is a matter addressed to the sound discretion of the trial judge." *Creed v. City of Columbia*, 310 S.C. 342, 344, 426 S.E.2d 785, 786 (1993). "Absent clear abuse of discretion amounting to an error of law, the trial court's ruling will not be disturbed on appeal." *Id*.

First, the trial court did not abuse its discretion in allowing Mayers' medical record into evidence. The statement in question—"Patient drank approximately 2 24 ounce beers today"—came from an orthopedic consult note on the day of the accident in the HPI (history; present illness) section of the record. Mayers sustained a broken arm that was surgically repaired with a metal rod and eight screws. The trial court did not err in finding that the statement was admissible as a statement made for the purposes of medical treatment and concerned Mayers' present symptoms, including any alcohol intake, shortly after the collision. *See* Rule 803(4), SCRE ("The following are not excluded by the hearsay rule, even though the declarant is available as a witness: . . . Statements made for the purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment . . . .").

Second, the trial court did not abuse its discretion in allowing the pictures of the two beer cans. Mayers may well be right that having unopened beer in his possession was not terribly probative, and Mayers is most definitely right that evidence of the mere presence of alcohol without further indication of impairment should generally be excluded because of its tendency to mislead the jury. *See Kennedy v. Griffin*, 358 S.C. 122, 128-29 595 S.E.2d 248, 251 (Ct. App. 2004) (articulating this principle). Still, unlike *Kennedy*, two witnesses at trial testified about their interactions with Mayers shortly after the crash. The witnesses said Mayers' breath smelled of alcohol, and there was testimony Mayers was operating his bicycle erratically. Accordingly, we hold that the record contains sufficient evidence of impairment.

**JNOV, NEW TRIAL, AND THIRTEENTH JUROR DOCTRINE**

Mayers argues the trial court erred in denying his JNOV and new trial motions. He claims the jury's verdict was inconsistent with the evidence and that the jury must have been confused. He asserts the trial court should have granted a new trial under the thirteenth juror doctrine.

Mayers' argument that the trial court should have granted judgment in his favor as a matter of law is abandoned. The portion of his brief dealing with JNOV and new trial motions only presented arguments and citations concerning a new trial absolute under the thirteenth juror doctrine. *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

We respectfully disagree with Mayers' argument that the jury's verdict is wholly unsupported by the evidence. Thus, we conclude the trial court did not err in denying Mayers' motion for a new trial under the thirteenth juror doctrine. *See Norton v. Norfolk S. Ry. Co.*, 350 S.C. 473, 478, 567 S.E.2d 851, 854 (2002) (holding the thirteenth juror doctrine is a vehicle by which the circuit court may grant a new trial absolute when it finds the evidence does not justify the verdict); *S.C. State Highway Dep't v. Clarkson*, 267 S.C. 121, 126-27, 226 S.E.2d 696, 697 (1976) (stating an order granting or denying a new trial upon the facts will not be disturbed unless the trial court's decision is wholly unsupported by the evidence or the conclusion reached was controlled by an error of law). Fault in this case was plainly a jury question. Henthorn testified Mayers abruptly swerved his bicycle from the side of the road into the left lane where Henthorn was driving. A witness to the collision gave similar testimony. There was also evidence Mayers was impaired. Thus, there is evidence in the record supporting the jury's determination that Henthorn was not negligent in causing the collision.

**CONCLUSION**

For the foregoing reasons, the trial court's judgment is

**AFFIRMED.**

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**