**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wendy Lynch, Respondent,

v.

Elizabeth Langley and Rebecca White Lynch, Defendants,

of whom Elizabeth Langley is the Appellant and Rebecca White Lynch is a Respondent.

Appellate Case No. 2022-001006

———————————

Appeal From Florence County
H. Steven DeBerry, IV, Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-034
Submitted January 1, 2025 – Filed January 29, 2025

———————————

**AFFIRMED**

———————————

James Ross Snell, Jr., of Law Office Of James R. Snell, Jr., LLC, of Lexington; and David E. Rigney, of Surfside Beach, both for Appellant.

Joseph M. McCulloch, Jr. and Kathy R. Schillaci, both of Mcculloch and Schillaci, of Columbia; and Patrick James McLaughlin, of Wukela Law Office, of Florence, all for Wendy Lynch.

Rebecca Lynch White, of Winston-Salem, North Carolina, pro se.

_____

**PER CURIAM:**  Elizabeth Langley appeals a jury verdict order in favor of Wendy Lynch and an order denying her post-trial motion for a new trial.  She argues the circuit court erred when it (1) denied her directed verdict motion on the civil conspiracy cause of action, (2) denied her directed verdict motion on the intentional infliction of emotional distress (IIED) cause of action, (3) allowed a verdict form to be sent to the jury that did not separate actual and punitive damages for each cause of action, (4) admitted a voicemail message from a previous attorney, and (5) allowed the use of the word "kill" at trial.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold Langley's directed verdict motion on the civil conspiracy cause of action is not preserved for appellate review because she failed to renew her motion at the close of all evidence.  *See Wright v. Craft*, 372 S.C. 1, 19, 640 S.E.2d 486, 496 (Ct. App. 2006) ("When a defendant moves for a directed verdict under Rule 50, [of the South Carolina Rules of Civil Procedure,] at the close of the plaintiff's case, he must renew that motion at the close of all evidence.").

2.  We hold Langley's directed verdict motion on the IIED cause of action is not preserved for appellate review because she failed to renew her motion at the close of all evidence.  *See id.* ("When a defendant moves for a directed verdict under Rule 50, SCRCP[,] at the close of the plaintiff's case, he must renew that motion at the close of all evidence.").

3.  We hold Langley's verdict form argument is not preserved for appellate review because she did not raise her argument to the trial court and indicated she had no issues with the verdict form.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

4.  We hold the trial court did not abuse its discretion when it admitted a voicemail Eric Poston, Langley's former attorney, left for Lynch because the statements he made in the voicemail were admissible under Rule 801(d)(2)(D) of the South Carolina Rules of Evidence.  *See Creed v. City of Columbia*, 310 S.C. 342, 344, 426 S.E.2d 785, 786 (1993) ("The admission of evidence is a matter addressed to the sound discretion of the trial judge."); *id.* ("Absent clear abuse of discretion

amounting to an error of law, the trial court's ruling will not be disturbed on appeal."). Langley testified Poston was representing her in a civil case at the time he left the voicemail; therefore, Poston was acting as Langley's servant and an employment relationship between the two existed at that time. Further, Poston made the statements within the scope of his employment relationship because Langley testified she hired Poston to represent her in a civil matter, Langley previously brought an action contesting their father's will in which she alleged Lynch had exerted undue influence over their father, and Lynch testified Poston indicated she was living on her father's farm when Langley "had every right" to go on the property. *See* Rule 802, SCRE ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court of this State or by statute."); Rule 801(d)(2)(D), SCRE ("A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . .").

5. We hold Langley's issue concerning the use of the word "kill" is not preserved for appellate review because prior to trial, Langley confirmed she did not object to the use of the word "killing" at trial, did not object when it was used at trial, and in her motion for a new trial, she did not raise the issue that she objected to the use of any term other than "tried to send Daddy to heaven early." *See Burke v. AnMed Health*, 393 S.C. 48, 55, 710 S.E.2d 84, 88 (Ct. App. 2011) ("When a party states to the trial court that it has no objection to the introduction of evidence, even though the party previously made a motion to exclude the evidence, the issue raised in the previous motion is not preserved for appellate review."); *State v. Wiles*, 383 S.C. 151, 156, 679 S.E.2d 172, 175 (2009) ("Generally, a motion *in limine* is not a final determination; a contemporaneous objection must be made when the evidence is introduced."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party *must* file [a Rule 59(e) of the South Carolina Rules of Civil Procedure] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.